Cheshire, ⎱
Jan. 4, 1910. ⎰

## HETTINGER *v.* MANILLA BREWING CO.

ASSUMPSIT, to recover for labor performed and materials furnished under two contracts, one dated September 16, 1905, called the construction contract, and another dated October 18, 1905, called the equipment contract. Trial by the court. Facts found, and case transferred from the April term, 1908, of the superior court, by *Stone*, J.

The defendants' plea alleged that the plaintiff by the contracts agreed to build and equip a brewery for the defendants, and that, although they had faithfully performed their obligations, the plaintiff had delayed, neglected, and refused to perform those assumed by him, whereby they had been greatly damaged; and they asked that they be allowed to recoup the damages they had suffered against any sum the plaintiff might be awarded.

The court found that the equipment contract was broken by the plaintiff and that the defendants were damaged in the sum of $2,800 by the breach, and made an allowance to them of that amount. The plaintiff excepted to the finding and allowance as not warranted by the evidence and as inconsistent with other findings of fact, and on the further ground that other facts found conclusively show that the plaintiff did not break the contract, but fully performed the same.

*Cain & Benton*, for the plaintiff.

*William A. Davenport* and *Harry E. Ward* (both of Massachusetts) and *Joseph Madden*, for the defendants.

BINGHAM, J. It is found that the plaintiff broke the equipment contract of October 18, 1905; but whether the breach consisted in his failure to purchase and install in the brewery all the equipment necessary to make it complete, or in a failure to prosecute the work of equipping the brewery with reasonable diligence, or whether the damages suffered by the defendants were due to the first or the second of these causes or partly to each, cannot be determined from the facts found.

If the breach consisted in the plaintiff's failure to fully equip the brewery, and that was the sole cause of the damage suffered by the defendants, the finding allowing them $2,800 under their plea of recoupment cannot be sustained; for the contract does not contemplate that the plaintiff should fully equip the brewery for $8,000, but that he should purchase and install equipment which, with ten per cent commission for services in making the purchases, overseeing the work, and drawing plans, should not exceed $8,000.

If, however, the contract can be said to be ambiguous as to the extent of the plaintiff's obligations, the trial court has found upon competent evidence that the parties did not intend by the language used that the plaintiff should fully equip the brewery for the sum of $8,000, but that he should purchase and install equipment which, with ten per cent commission for services in making the purchases, overseeing the work, and drawing plans, should not exceed that sum. This it is found he had done at the time he ceased work on March 7, and on this theory of the case the defendants would not be entitled to the damages awarded them.

If the breach consisted in a failure to prosecute the work of equipping the brewery with reasonable diligence, and the damages found to have been suffered by the defendants were due solely to this cause, these facts should be definitely found; and if it is

desired to question the validity of the findings, the evidence upon which they are based should be reported.

We have examined the other questions raised by the exceptions taken at the trial and do not find that they are well founded. That such action may be taken in the superior court as justice requires, the order is,

*Case discharged.*

All concurred.