(83 Misc. Rep. 28.)

### COHEN v. BORGENECHT.

(Supreme Court, Appellate Term, First Department.  December 4, 1913.)

MASTER AND SERVANT (§ 302*)—NEGLIGENCE OF SERVANT—LIABILITY OF MASTER.

> Where the owner of an automobile provided it for the use of his family, and directed the chauffeur to take their orders, the owner is liable for any injury caused by the chauffeur's neglect while acting under his son's order; he being in the owner's employ, though running the machine in obedience to the directions of members of the family.
>
> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. § 302.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Abraham Cohen, an infant, by Jacob Rainish, his guardian ad litem, against Louis Borgenecht. From an order setting aside a directed verdict for defendant, he appeals. Affirmed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Robert M. McCormick, of New York City (Murray G. Jenkins, of New York City, of counsel), for appellant.

Harris Koppelman, of New York City, for respondent.

GUY, J. This action was brought to recover for personal injuries alleged to have been sustained on March 1, 1913, through the negligence of defendant's chauffeur in operating an automobile on a public highway. The defense was substantially a general denial.

Defendant, called as a witness for plaintiff, testified that he owned the automobile in question; that the chauffeur who operated the car was generally in his employ at the time of the accident in March, 1913, and still is in his employ; that he had two sons, who were permitted to use the automobile at any time they pleased, when defendant was not using it; that they had no special permission to take it on the day of the accident; that there was no need of their asking him for the chauffeur, because they had permission to use the machine, either to drive it themselves or have the chauffeur drive it, whichever they pleased; that the machine was used for the benefit of his family, any of whom could use it as they pleased; that defendant was not in it at the time of the accident. The chauffeur, Shulman, testified that at the time of the accident he was working for defendant's family; that he was paid by the fortnight by defendant; that defendant told him to drive his sons or his wife anywhere they wanted to go; that on the drive resulting in the accident one of defendant's sons telephoned him to get the car ready to go to New York, defendant's house and garage being in Brooklyn; that he took the car around to defendant's house; that defendant's two sons, and no one else, got in; that one son told him to go to Seventh street, between First and Second avenues, where a young lady got in, and they went to the theater; that he was told to wait until 10:30 p. m., which he did; then all three got in; they took

the young lady home, and then the car started back down Second avenue, where the accident occurred. It was conceded for the purposes of the trial that there was some evidence that the chauffeur was negligent in driving the car. The trial judge directed a verdict for defendant, and later set it aside.

While the authorities hold that where even a member of the owner's family, or an employé, borrows an auto and uses it for his own purpose, the owner cannot be held liable (Clark v. Buckmobile Co., 107 App. Div. 120, 122, 94 N. Y. Supp. 771; Maher v. Benedict, 123 App. Div. 579, 580, 108 N. Y. Supp. 228), I am of the opinion that said authorities do not apply to the case at bar. Here the evidence is that the machine was in general use for the members of defendant's household; that the chauffeur, who operated the machine at the time of the injury to plaintiff, was not only in the employ of the defendant and subject to his control at that time, but was acting in obedience to the general orders of defendant to take the machine at any time to such places as might be required by members of defendant's family. To hold defendant not responsible for the acts of his employé under such circumstances would be subversive of law and justice.

The trial court erred in directing a verdict for the defendant, and the order setting aside the verdict was properly entered.

Order affirmed, with costs.

BIJUR, J., concurs. SEABURY, J., concurs in result.