(83 Misc. Rep. 139.)

ROBERTS v. SCHANZ.

(Supreme Court, Appellate Term, First Department. December 16, 1913.)

MASTER AND SERVANT (§ 301*)—INJURIES TO THIRD PERSON—AGENCY OF SERVANT.

Where the driver of the automobile which injured plaintiff was the owner's niece, who, while residing in his household, was not then operating his machine for any general or special purpose of the owner, but for her own purpose, the owner was not liable for her negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

Appeal from City Court of New York, Trial Term.

Action by Martin Roberts against Joseph Schanz. From judgment for plaintiff, defendant appeals. Reversed, and a new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Samuel Greason, Jr., of New York City, for appellant.
Edward A. Scott, of New York City, for respondent.

GUY, J. This action was brought to recover for a personal injury sustained by plaintiff from being run down by defendant's automobile while, it is alleged, it was being driven at an excessive speed by defendant's niece, with defendant's "knowledge, consent, and approval." The answer admits the operation of the automobile by defendant's niece, but denies that it was being operated by defendant, or by any one in his employ or under his control.

Plaintiff's evidence as to the happening of the accident was not sufficient to charge the driver of the machine with negligence, even if

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant were responsible therefor. The evidence, however, is that the driver, a niece of the defendant, residing in his household, was not operating the machine for the general purposes, or any special purpose, of the defendant, but for her own purposes. Defendant could not, therefore, be held liable for her negligence, even had such negligence been proven. Maher v. Benedict, 123 App. Div. 579, 580, 108 N. Y. Supp. 228; Cunningham v. Castle, 127 App. Div. 580, 586, 588, 111 N. Y. Supp. 1057; Douglass v. Hewson, 142 App. Div. 166, 168, 127 N. Y. Supp. 220; Doran v. Thomsen, 76 N. J. Law, 754, 71 Atl. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 677.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.