(163 App. Div. 782)

### McHARG v. ADT.

(Supreme Court, Appellate Division, Third Department. September 15, 1914.)

MASTER AND SERVANT (§ 302*)—INJURIES TO THIRD PERSON—NEGLIGENCE OF SERVANT—OPERATION OF AUTOMOBILE—RESPONDEAT SUPERIOR.

 Defendant, a physician, having gone to a club and ordered his chauffeur to return in the evening, defendant's wife late in the afternoon, having authority to give orders to the chauffeur in the use of the car in her husband's absence with reference to "anything reasonable," directed the chauffeur to take her to the club, and while on the way they discovered an injured woman by the roadside. Defendant's wife stopped, and, finding the woman too badly injured to be moved, directed the chauffeur to go for a doctor. This he did, finding plaintiff, who thereupon entered the car, and on the way back to the scene of the first accident the car collided with a wagon and plaintiff was injured. *Held*, that the wife under such circumstances was not exercising exclusive control over the chauffeur, and, she having had authority to direct the chauffeur to go for a doctor, her orders to him so to do did not destroy the relation of master and servant otherwise existing between the chauffeur and defendant, who was therefore liable for the chauffeur's negligence resulting in injury to plaintiff.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. § 302.*]

 John M. Kellogg, J., dissenting.

Appeal from Trial Term, Albany County.

Action by Martin McHarg against Leo F. Adt. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Neile F. Towner, of Albany, for appellant.
Rollin B. Sanford, of Albany, for respondent.

SMITH, P. J. The respondent herein obtained a verdict of $4,000 damages for injuries alleged to have been sustained by him by reason of the negligence of appellant's chauffeur. It appears that the appellant, a practicing physician residing in the city of Albany, was the owner of a large Packard automobile, which he used in his profession and which was also used generally by himself and the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

members of his family.  On the day of the accident, October 2, 1912, appellant had been driven in the automobile to the Albany Country Club, and had instructed his chauffeur to return for him at a quarter of 6 o'clock.  Appellant's wife late in the afternoon, and without any previous arrangement with her husband, decided to go to the Country Club.  She telephoned to the garage where the car was kept and told the chauffeur to take her out to the Club to join her husband. On the way out the chauffeur noticed an injured woman by the roadside, and at Mrs. Adt's suggestion he stopped the car and she got out and went to the woman, who had been struck by an automobile only a few minutes before.  The woman seemed too badly injured to be moved, and so Mrs. Adt told the chauffeur to go for a doctor and asked a bystander to accompany him; she remaining with the injured woman.  The chauffeur and this bystander after some difficulty succeeded in finding a doctor, this respondent, who thereupon entered the car.  On the way back to the scene of the first accident the car collided with a wagon, and respondent, who was in the rear seat of the car, suffered the injuries for which recovery has been had. The jury has in effect found, under the instructions given, that the chauffeur was in fact at the time of the accident the servant of the appellant, and as such engaged in the master's business.  The appellant now challenges this finding, and claims that Mrs. Adt had no right to send the chauffeur on this most commendable errand of mercy, as such act had nothing to do with the concerns of the appellant or of his family, and that consequently he could not be held liable for any negligence of the chauffeur when acting under the orders of the wife on this occasion.

The evidence discloses the usual situation as regards the authority of the wife to give orders to the chauffeur.  She had full authority from the appellant to order the chauffeur in her husband's absence to do, as he himself testified, "anything reasonable."  We cannot say as matter of law that the sending for a doctor under the circumstances must be deemed unreasonable.  Such an act was presumably as natural and conducive to the wife's peace of mind as any other impromptu business or pleasure trip she might order the chauffeur to make.  If, then, the wife had authority, express or implied, to direct the chauffeur to go for a doctor, her orders to him so to do did not in any way destroy the relation of master and servant otherwise admittedly existing.  Such a relationship, once established, will continue, although for the time being a servant may be taking orders from a third party.  The test is whether such third party is for the time being exercising *exclusive* control over the servant.  If such is the case, the third party becomes of course the master for such time. In the case of Kellogg v. Church Charity Foundation, 203 N. Y. 191, 96 N. E. 406, 38 L. R. A. (N. S.) 481, Ann. Cas. 1913A, 883, where an ambulance was owned by a hospital, but driven by a man furnished by a livery stable keeper, it was held that the driver did not become the servant of the hospital because for the time being he was under the general orders of the hospital; and it was further held that a similar rule applies to the ordinary furnishing of teams and

drivers by liverymen. See, also, the recent case of Hanatsek v. Wilson, 161 App. Div. 634, 146 N. Y. Supp. 1016, involving the case of the hiring out of a truck and driver to merchants for the delivery of goods, where the same rule of exclusive control is laid down.

None of the authorities cited by appellant appear to us to be in point, with the possible exception of Freibaum v. Brady, 143 App. Div. 220, 128 N. Y. Supp. 121, where it was said that, if the owner of a car loaned both it and his own chauffeur to his brother for the brother's own use and purposes, such owner would not be liable for the negligence of the chauffeur while so employed. As a correct statement of the law this may well be questioned, but that it was purely dictum is shown by the remainder of the opinion, which expressly states that the chauffeur was never in the employ nor control of the defendant, whose only connection with the accident was that it was his car that was being used. As opposed to the obiter remarks of the last case is the later case of Cowell v. Saperston, 149 App. Div. 373, 134 N. Y. Supp. 284, affirmed without opinion in 208 N. Y. 619, 102 N. E. 1100. In this case a woman loaned her car and chauffeur for an afternoon to a friend of hers, at that time a candidate for public office, to take him about the city while he was distributing campaign literature. During the trip a pedestrian was injured by the negligence of the chauffeur, and a judgment against the woman who loaned the car was upheld; citing the Kellogg Case and distinguishing on the ground of dicta the Freibaum Case. The Cowell Case holds that the test is whether the actual control and dominion over the servant are surrendered by the regular employer and taken over temporarily by another.

We think that this last case is controlling of the case at bar. Under its holding the chauffeur in the present instance did not cease to be the servant of appellant merely because he was for the time being subject to all reasonable orders of the wife. Her temporary use of the car and chauffeur for her own pleasure or convenience accordingly did not, in our judgment, amount to assuming either "actual control and dominion" or "exclusive control" over him.

Judgment and order affirmed, with costs. All concur, except JOHN M. KELLOGG, J., dissenting in opinion.

JOHN M. KELLOGG, J. (dissenting). There is no claim that the defendant employed an incompetent or careless chauffeur, or that he had a defective car. The accident came about solely from the fact that the wife, without the knowledge of the husband, directed his chauffeur to go for a doctor to administer relief to the woman found suffering upon the highway. In the Cowell Case, cited by the Presiding Justice, the chauffeur was acting under the direction of the owner of the car and in furtherance of the purposes of the owner to accommodate and assist Senator Brown in his canvass. The chauffeur there was as much engaged in the owner's business as if he had been driving her for pleasure. In the case at bar the defendant did not know of the injured woman and had no part in sending for the doctor. That was an act of humanity, not done for the wife's pleas-

ure, or in the interest of the family, or in .the husband's business or for his purposes. The distressing circumstances compelled the act. The ordinary instincts of humanity in the woman, and not the act or volition of the wife, directed it. Perhaps any chauffeur, in the absence of the master or the master's wife, who found a person suffering as this woman was suffering at the roadside, at the suggestion of any bystander or of his own initiative, would have used the car in going for the doctor. In such a case the owner could not be liable. It is immaterial that the humane instinct of the wife, rather than that of another, suggested that the chauffeur bring the doctor. She was not using the car or giving the order as the representative of her husband. It is carrying the rule of respondeat superior too far to make the defendant liable under the circumstances of this case.

I favor a reversal.