HARRY W. CAMPBELL *vs.* EDWARD W. ARNOLD.

Middlesex.    October 8, 1914. — October 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Agency,* Existence of relation.   *Automobile.*

Where the owner of an automobile, who had two men and two women as guests at his summer cottage, yielding reluctantly to the entreaties of the women to give them an automobile drive, said, "Well, you can go if you want to, but don't be gone very long," and threw down the key which was necessary to unlock the switch of the automobile, and where one of the men guests, who held a chauffeur's license and knew how to operate this automobile and who until a day or two before had been employed by a firm of which the owner of the automobile was a member, thereupon took the key and prepared the automobile for starting and in the owner's presence drove off for a pleasure drive with the two women guests and negligently ran into a horse driven by a traveller on the highway, injuring the traveller and his property, in an action by the traveller against the owner of the automobile for the injuries thus sustained, these facts were held to be evidence for the jury that the driver of the automobile was acting as the agent of the defendant at the time of the plaintiff's injuries.

TORT for injuries to the plaintiff's person and to his horse and carriage sustained on May 4, 1912, when the plaintiff was driving his horse attached to his carriage along a public highway in Marshfield, from being run into by an automobile owned by the defendant and alleged to have been operated negligently and recklessly by one Thompson acting as the agent of the defendant, whereby the plaintiff's horse was so injured that it had to be killed, his carriage was broken, and the plaintiff was thrown out and injured. Writ dated June 14, 1912.

The answer, in addition to a general denial, alleged that at the time of the collision the automobile was not under the control

of the defendant or being used for the purposes of the defendant or in his business.

In the Superior Court the case was tried before *White*, J. At the close of the evidence, which is described in the opinion, the judge refused to order a verdict for the defendant, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $600. The defendant alleged exceptions.

*W. J. Coughlan*, for the defendant.

*C. W. Rowley*, (*D. J. Riley* with him,) for the plaintiff.

RUGG, C. J. The undisputed evidence showed that on a May afternoon the defendant entertained at his summer cottage two women and two men as his guests. The women urged him to take them out in his automobile, but he did not want them to go and during most of the afternoon refused to yield to their request. They "kept teasing" him and did "quite a little coaxing" and finally he said in substance: "Well, you can go if you want to, but don't be gone very long;" at the same time taking from his pocket and throwing down the key with which to unlock the switch of his automobile. A man named Thompson was one of the guests. He had been employed by the firm of which the defendant was a member until a day or two before the occasion in question, and held a chauffeur's license and knew how to operate the defendant's automobile. The defendant testified that he produced the keys and, throwing them down, said: "There, go on and go, — but I don't want you to go at that;" that he supposed he knew that Thompson was going to drive the car and thought he would "drive those girls around a little way and bring them back." He denied that Thompson went on any mission of his or was sent by him to take the women out for a ride. The key was used and Thompson prepared the automobile, which was near by, for starting and in the defendant's presence drove off on a pleasure ride with the women. There was ample evidence of carelessness on the part of Thompson in driving the car, whereby injury to the plaintiff resulted.

If the defendant merely lent his automobile to Thompson or the women for their own pleasure or business, or permitted them to use it for a purpose in which he had no interest, plainly he could not be held answerable for any injury resulting from carelessness in its operation. *Herlihy* v. *Smith*, 116 Mass. 265. The defendant

can be held liable only on the ground that there was sufficient evidence to support a finding that Thompson was acting as the defendant's agent at the time. Although the case is close to the line, there are circumstances enough to require the submission of that question to the jury. The women were the guests of the defendant at his house by his invitation for a week-end party. He yielded to their importunities, addressed directly to him, that they should be given a ride. There was evidence that the relation of host and guest did not end with their departure, for it might have been found that the defendant's parting admonition to them was that they should return soon. His consent to the use of the car was based, not on anything said by Thompson, but it is manifest that he knew that the car could be driven only by Thompson, whom he knew to be licensed therefor and who had been in the employ of his firm until within a day or two. His conduct in delivering the key, by which alone the automobile could be started, under all the circumstances disclosed would support a finding that, notwithstanding his protestations of reluctance and without express authority, the defendant nevertheless impliedly empowered Thompson as his representative to take his car for the purpose of gratifying the desires of his women guests for an automobile ride. *Bourne* v. *Whitman,* 209 Mass. 155, 173.

*Exceptions overruled.*