## WINN v. HALIDAY.

### [69 South. 685.]

1. PARENT AND CHILD.  *Torts of child.  Father's responsibility.  Injuries to the third persons.  Use of automboile.  Appeal and error.  Harmless error.  Invited error.*
   As a general rule a father is not responsible for the torts of his minor son unless the latter bore to the former the relation of servant to master in the commission of the act from which the injury resulted.

2. MASTER AND SERVANT.  *Torts of child.  Injuries to third persons.  Use of automobile.*
   Where at the time an injury occurred from the negligent driving of an automobile a minor son was engaged in the discharge of the duty that had been imposed upon him by his father of driving the automobile when used for the convenience or pleasure of himself or the members of his family, the relation of master and servant existed between the father and the son, and the father was liable in damages for the negligent driving of the automobile by his son.

3. TORTS OF CHILD.  *Injuries to third persons.  Use of automobile.*
   Where a father entrusted his son with an automobile under such circumstance as made the son his servant in the management of the automobile, the father was liable for the negligence of the minor son, whether he had actual knowledge and information that his son was a careless, reckless and negligent driver or not.

4. APPEAL AND ERROR.  *Harmless error.  Invited error.*
   Where appellant elicits testimony by his own cross-examination, he cannot predicate error upon the court's refusal to exclude it.

Appeal from the circuit court of Jones county.

HON. P. B. JOHNSON, Judge.

Suit by T. E. Winn against G. H. Haliday.  From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Halsell & Welch*, for appellant.

If we concede for the purpose of this argument that the automobile was negligently operated by the son as

above set forth, is the father liable? If not, appellee's case fails, and there should be judgment for appellant here; we therefore discuss this question first.

At the common law a father is not liable for the torts of a child under age; we believe the rule is different where the civil law prevails. And in some states a parent is by statute made liable for the torts of the minor child. We have no such statute, and the common-law rule is applicable to the case at bar, and governs. Of course where the relation of master and servant exists, the father may be liable for the torts of the child, but that is because of the relation of master and servant and not because of the relation of parent and child. See 29 Cyc., page 1665, for a terse statement of the law.

This is not a case, as we will undertake to show where under the rule of negligence a parent is liable for the combined negligence of parent and child by a parent permitting a child to do what a reasonably prudent parent would have reason to apprehend would result in damages to another.

For a case absolutely in point with the case at bar, and as we think decisive of the propositions involved in this phrase of the case at bar, see the recently well-considered case of *Parker* v. *Wilson,* 60 So. 150. We will not undertake to quote from the case, because it is accessible to the court, is a short opinion, covering absolutely the question raised as we think by the fifth assignment of error on the part of the appellant. In this case of *Parker* v. *Wilson,* the court very properly, we think, said that automobiles are not to be classed with highly dangerous agencies, and points out the difference in a case like the one at bar, and a case where there is combined negligence, and negligence of the father in intrusting a dangerous agency to a son known to be negligent. True there is an allegation in the declaration in the case at bar that the appellant knew his son to be given to "joy riding," but the proof on this

question is altogether wanting. In fact we think the testimony shows that appellant's son was a competent, experienced driver, who had been trained, and cautioned to exercise due care. It appears from his testimony that he was accustomed for a number of years to operate an automobile, and that he was familiar with its construction, and its varying moods. The court seems to have declined to grant appellant; on the trial of the case below, a peremptory instruction on the theory that the father permitted the son to operate a dangerous machine, but the Alabama court has expressly held in the case of *Parker* v. *Wilson, supra,* that an automobile was not *per se* a dangerous instrument. They are machines that are in common use, and are safe if properly handled. To the same effect is the holding of the court in the case of *Dorman* v. *Thomson,* a New Jersey case, reported in 19 L. R. A. (new series), page 335, and also reported in 135 American State Reports, page 677. See, also, the case of *Reynolds* v. *Buck,* 103 Northwestern Reporter, page 946, 127 Iowa, 601, in which case the defendant dealt in automobiles, and had decorated one for use in a parade, and after the parade left the automobile in front of his store, when his son coming upon the machine where it stood, invited a lady friend to ride, and while he was driving, by his negligence, plaintiffs horse was frightened, ran away and injured the plaintiff. The court held that the defendant was not liable.

*Henry Hilbun,* for appellant.

We think the court erred in holding the appellant liable for the negligence of his son in operating said automobile, under the facts as shown in this record. This phase of the case is presented in the brief of Messrs. Halsell & Welch, of counsel for appellant, now on file in this cause. We do not care to add to their brief on this subject, as we believe that the position

taken by them is sound and is supported by the authorities.

It seems to us that appellant could not be made liable for the negligence of his son, unless the relation of master and servant existed, which the evidence shows did not exist, or unless the son was acting in furtherance of the business or the interest of his father, the appellant. And the evidence shows that this was not true.

We, therefore, submit that in our opinion the court committed grave error in admitting the evidence of the witness Dorsey over the objection of the defendant, as above set out; in granting the instructions for the plaintiff that did not predicate the right of plaintiff to recover on the negligence of the defendant or his son; in granting the instructions for the plaintiff allowing the plaintiff full compensation for his injuries without regard to contributory negligence on his part; and in refusing to grant a peremptory instruction asked for by the defendant, and in holding that the appellant was liable for the negligence of his son under the facts and circumstances shown by this evidence.

*Hardy & Arnold,* for appellee.

The appellant really presents but one question here, and that is whether or not the appellant was responsible for the result of the running of the car by his son. Now counsel has presented several authorities here to bolster up their contention that the father is not liable for the torts of his son. With this contention, as an abstract proposition of law, we have no complaint, but under the facts of this case, we say the law cited by them has no sort of application. The testimony of Mr. Winn settles beyond all doubt every question raised here. And in order to settle the matter, we state here that our contention is that the son here occupying the position of agent, servant and employee of the father rendered the father liable for his acts in this case. The

Alabama case, cited by appellant, has no application. The case of *Dorman* v. *Rhomsen,* 19 L. R. A. 355 (N. S.) 135 Am. St. Rep. 2, has no application here because Mr. Winn's son's testimony shows that the son was operating this machine with his full knowledge and consent.

In support of the instructions for the plaintiff, appellee, we cite the following cases: 108 Am. St. Rep. page 213, notes cited under case of *Christy* v. *Elliot,* note 11, Automobiles on Highways, where the whole matter is thoroughly discussed and the rights of all parties fully set out. We do not quote from these cases because this note fully discusses each and shows what the law is.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment against appellant for damages to appellee's horse and buggy alleged to have resulted from the horse becoming frightened at appellant's automobile. The automobile was owned by appellant, and on the occasion in question was driven by William Winn, his seventeen year old son. William had been driving automobiles for certainly three, and probably four, years; and, when the automobile here in question was purchased by his father about a year before the alleged injury to appellee's horse and buggy, he was placed by his father in the exclusive control thereof, and was charged with the duty of keeping it in repair and of driving it when in use by appellant or members of his family. On the occasion in question, with appellant's knowledge and consent, several boys and girls accompanied by a chaperon, among whom were William Winn and his fifteen-year old brother, Louis, were going in the automobile from Laurel to Ellisville to attend a baseball game; the automobile being driven by William. Appellee while driving his horse and buggy

met this automobile at a narrow place in the road. The horse became frightened and ran away, because, according to appellee's evidence, of the rapid and negligent manner in which the automobile was being driven, resulting in damage to both the horse and buggy for which the jury awarded appellee the sum of eighty-five dollars. According to the evidence of appellant, the automobile was being driven slowly at the time, and the fright of the horse was not caused by any negligence on the part of the chauffeur.

One of the alleged errors complained of was the refusal of the court below to grant appellant a peremptory instruction. The ground of this assignment of error is that as a general rule a father is not responsible for the torts of his minor son unless the latter bore to the former the relation of servant to master in the commission of the act from which the injury resulted. This we may concede to be the rule, but nevertheless appellant can receive no benefit therefrom, for, in our opinion, the relation that existed between appellant and William with reference to the running of the automobile on the occasion in question was that of master and servant; for William was then engaged in the discharge of the duty that had been imposed upon him by appellant of driving the automobile when used for the convenience or pleasure of himself or the members of his family. See Labatt's Master & Servant, sec. 2270, and authorities there cited.

One of the instructions refused appellant in the court below is as follows:

"The court charges the jury for defendant that unless they believe from the evidence that the automobile was operated by a child of defendant and that defendant had actual knowledge and information that said son was a careless and reckless and negligent driver and given to what is generally known as joy riding when operating said machine, they will find for defendant."

This instruction is not in accord with the law governing the relation of master and servant, and was therefore properly refused.

Dorsey, a witness for appellee, testified that he saw this automobile near the place where appellee's horse became frightened when it was going and returning from Ellisville, and each time it was running at a high rate of speed. That portion of his evidence which related to the return trip from Ellisville, which was some hours after appellee's horse had been frightened, was excluded by the court at the close of the witness' testimony. Appellant now complains that all of this witness' testimony should have been excluded. There is no merit in this contention because, while being examined in chief, although Dorsey stated that he saw the automobile twice that day, he only testified to its speed when it passed him on its return trip from Ellisville, which evidence was afterwards excluded, as hereinbefore stated. The evidence of the speed of the automobile when Dorsey first saw it, when it was going to Ellisville, was drawn out by counsel for appellant on cross-examination.

*Affirmed.*