[No. 2123, My 28, 1918.]
BOES v. HOWELL.

### SYLLABUS BY THE COURT.

1. Matters properly pleaded, which are not denied, stand admitted.                                                           P. 145

2. One who keeps an automobile for the pleasure and convenience of himself and his family is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of his family.                                                           P. 145

· Roberts, J., dissenting.

Appeal from District Court, Chaves County; McClure, Judge.

Boes v. Howell, 24 N. M. 142.

Action by Bernard Boes against David Howell. Judgment for plaintiff, and defendant appeals. Affirmed.

O. O. ASKREN, of Roswell, for appellant.

Owner of motor car not liable for injuries resulting from negligent driving of car by son, merely because of ownership, or that son was permitted to drive same, or because driver was his son.

Maher v. Benedict, 123 App. Dic. 579, 108 N. Y. S. 228; Parlan McFarlane v. Winters, L. R. A. 1916 D. 618, where both rules are fully discussed and two lines of authorities laid down; White Oak Coal Co. v. Rivoux, 46 L. R. A. (N. S.) 1091, Ann. Cas. 1914, C. 1082; Bourne v. Whitman, 209 Mass. 155, 35 L. R. A. (N. S.) 701, 95 N. E. 404, 2 N. C. C. A. 318; Siegel v. White Co., 81 Misc. 171, 142 N. Y. Supp. 318; Symington v. Sipes, 121 Md. 313, 47 L. R. A. (N. S.) 662, 88 Atl. 134; Moon v. Matthews, 227 Pa. 448, 29 L. R. A. (N. S.) 856, 136 Am. St. Rep. 902, 76 Atl. 219; McNeal v. McKain, 33 Okla. 449, 41 L. R. A. (N. S.) 775, 126 Pac. 742; Smith v. Jordan, 211 Mass. 269, 97 N. E. 761.

J. D. MELL and R. C. REID, both of Roswell, for appellee.

Under facts of this case appellant was liable.

Birch v. Abercrombie, 74 Wash, 486, 133 Pac. 1020; Smith v. Jordan, 97 N. E. 761; Parker v. Wilson, 60 So. 150; Hiroux v. Baum, 19 L. R. A. (N. S.) 332; Guignon v. Campbell, 141 Pac. 1041; Berry on Autos (2d Ed.) Sec. 653.

### STATEMENT OF FACTS.

By the complaint filed in this case, which was instituted in the district court of Chaves county, it was alleged by Bernard Boes, against defendant, David Howell, that defendant was the owner of an automobile, which he permitted his sons, Guy Howell and John Howell, to drive and operate for their pleasure and for

the pleasure of defendant's family and for his business; that on the 23d day of November, 1915, while running and operating defendant's automobile, the two sons of defendant passed a wagon wherein plaintiff was driving, coming up from behind the plaintiff and passing the plaintiff in a careless and reckless manner at a high rate of speed and giving no warning of their approach, causing the team which plaintiff was driving to run away, with the result that the plaintiff was injured. By his answer defendant admitted that he is the owner of an automobile, but denied that on the occasion of the alleged accident he permitted or authorized Guy Howell or John Howell to use or drive said car. All of the other material allegations of the complaint were traversed. By further defense in the way of new matter the defendant pleaded contributory negligence. The facts as disclosed by the evidence at the trial, briefly stated, are as follows: On November 23, 1915, plaintiff and his son were driving toward the city of Roswell, and while about 2 miles east of that point, the sons of defendant in the car in question, accompanied by several passengers, passed them on the left side of the road at a speed of 15 miles or more per hour, without giving any warning, which frightened the team of plaintiff, resulting in the neck yoke breaking, which let the wagon tongue down, and the team swerved to the left into a bank at the side of the road, upsetting the wagon and injuring the plaintiff.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). At the conclusion of plaintiff's case, the defendant moved the court to instruct the jury to return a verdict in favor of the defendant for the following reasons: First, that there had been no proof that the person driving the car was the agent of the defendant; second, if such proof existed there was nothing to show that the driver of the car was the agent of the defendant acting within the scope of his employment. A further ground per-

taining to the alleged failure to prove damages was interposed, but for the purposes of this case does not require our consideration. In this connection appellant contends that at the conclusion of the plaintiff's case, when this motion was interposed, the plaintiff had proved, in regard to liability, only that the car which was driven at the time of the accident was owned by the defendant, and that his son, Guy Howell, was driving the same.

[1] By plaintiff's complaint it was alleged that the defendant is the owner of an automobile which he permits his sons, Guy Howell and John Howell, to drive and operate for their pleasure and for the pleasure of the defendant's family and for his business. Defendant's answer in this connection was as follows:

"Defendant admits that he is the owner of the automobile, but denies that on the occasion of the alleged accident that he permited or authorized Guy Howell to use or drive said car."

[2] It does not appear that he forbade him to drive the car on the occasion of the accident or on any other occasion. There is no denial of the allegations of the complaint that the defendant permitted his sons to drive and operate for their pleasure and for the pleasure of the defendant's family the defendant's car. The fact that he denied that on the occasion of the accident he permitted or authorized his sons to drive the car is not a sufficient denial of the allegation of the complaint. It is fundamental that matters properly pleaded which are not denied stand admitted. 31 Cyc. 207. We therefore have established by the pleadings that the defendant was the owner of the automobile in question, which he permitted his sons to drive and operate for their pleasure and for the pleasure of the defendant's family. A question is raised as to whether or not there is sufficient proof to show that the son driving the car at the time in question was a minor, but we believe that this is sufficiently established by the testimony of a witness,

who, when testifying as to the ages of the boys in the car, said that they ranged from 16 to 19 years. It therefore appears that a minor son of the defendant was driving the car at the time of the accident, and that this was by the permission of the defendant. Turning to Berry on Automobiles (2d Ed.) § 653, we quote from the text as follows:

"The rule is followed, in most of the states in which the question has been decided, that one who keeps an automobile for the pleasure and convenience of himself and his family is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of his family."

See, also, The Law Applied to Motor Vehicles, §§ 902, 903. An examination of the numerous authorities upon the question of liability in these cases discloses that the mere existence of the relation of parent and child is not sufficient to raise the relation of master and servant, or create agency upon the part of the child so as to render the parent liable for the child's negligence in operating the former's automobile. In a case note found in 50 L. R. A. (N. S.) 59, following the case of Birch v. Abercrombie, a very comprehensive editorial note, supported by authority, points out that:

"The owner of an automobile who maintains it for the general use of his family should be held liable for its negligent operation by one of his children, whom he designates or permits to run it, where the car is occupied and being used at the time of the injury for the pleasure of other members of the owner's family than the child driving it. Under such circumstances the latter is unquestionably acting as the agent or servant of the owner in carrying out the purposes for which the car was bought, as much as if the owner had hired a person outside of the family to act as chauffer."

In the case of Birch v. Abercrombie, referred to, which is also reported in 74 Wash. 486, 133 Pac. 1020, 50 L. R. A. (N. S.) 59, the court expressly held that:

"The burden is upon a parent, whose child causes an injury while driving the parent's automobile, to overcome

the presumption that the child was driving the vehicle for the owner."

The Washington Supreme Court further said in the same opinion:

"A daughter, in using her father's automobile for her own pleasure, is his servant in doing so, if he purchased and kept the automobile for the use of his family."

The facts in the case referred to are closely analogous to the facts of the instant case. See, also, Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L. R. A. (N. S.) 970; Griffin v. Russell, 144 Ga. 275, 87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994.

Following the last-mentioned case in L. R. A. there is another extensive note, collecting later authorities and supplementing the note in 50 L. R. A. (N. S.) 60. In this note, and in a number of authorities which we have examined, it is pointed out that a somewhat different question arises where an injury is inflicted by the negligent operation of an automobile purchased for the general use of the owner's family by his child, while the latter, with the express or implied permission of the father, is using it for his own pleasure alone. As pointed out in the last-mentioned note, the parent's liability for the injury caused by the negligent operation of the car by one of his children, whom he designates or permits to run it, is clearer in a case where the child was at the time driving with other members of the family than where driving alone, since the presence of other members of the family tends to show that the car was being used for the purpose for which it was intended, and that the operator was acting as the parent's servant. We do not believe that this suggested difficulty has application to the present case. Two members of the defendant's family were in the car, and, so far as the record discloses, the car was not being used for the pleasure of one member of the family alone. We might add numerous

authorities to this opinion, but we agree with the view expressed by the Washington court in the case of Birch v. Abercrombie, supra, which we will quote as follows:

"It seems too plain for cavil that a father, who furnishes a vehicle for the customary conveyance of the members of his family makes their conveyance by that vehicle his affair —that is, his business—and any one driving the vehicle for that purpose with his consent, express or implied, whether a member of his family or another is his agent."

There are other assignments of error in appellant's brief, but they are primarily, if not entirely, disposed of by the conclusion at which we have arrived in this opinion.

Finding no error therefore in the record, the judgment of the trial court is affirmed, and it is so ordered.

PARKER, J., concurs.

ROBERTS, J, (dissenting). The majority opinion follows the rule announced in the case of Birch v. Abercrombie, 74 Wash. 486, 133 Pac. 1029, 50 L. R. A. (N. S.) 59; and, if the doctrine announced by the Washington court in that case is correct, concededly the present case should be affirmed.

While it is stated in the majority opinion that upon the occasion of the accident two sons of appellant were in the machine, one driving and the other a passenger, I do not understand the majority to hold that the son who was driving the machine was the agent of the father because he was carrying another member of the father's family in the machine. Some courts hold that where a father provides an automobile for the pleasure and convenience of the members of his family, and a member of the family acts as chauffeur, and at the request of the father or with his consent uses the machine to carry the members of the family on business or pleasure, the son is acting as chauffeur and is the agent or servant of the father. The facts in this case, however, in my judgment, should not bring it within such a rule.

From all that appears from the record the son who was driving the machine was about his own individual business, and was not operating the machine at the request or for the convenience of his brother. In this respect the case is identical with that of Cohen v. Meador, 119 Va. 429, 89 S. E. 876, Ann. Cas. 1917D, 375. Eliminating this incident from the case and stating the law as set forth in the majority opinion, we have the doctrine announced that:

"One who keeps an automobile for the pleasure and convenience of himself and his family is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of his family."

—which restated baldly, holds that, where a father purchases an automobile for the convenience or pleasure of his family, he is liable for all injuries occasioned by the negligent operation of the same by any member of the family, although such member at the time of the injury was pursuing his own business or pleasure. Liability is put on the ground that the child, or member of the family, is the servant of the father, notwithstanding that at the time the injury is inflicted the child, or member of the family, is pursuing his own ends or purposes, whether of business or pleasure. I cannot give my assent to this doctrine, which, if followed to its logical conclusion, would render the parent liable in all cases for injuries resulting from the negligent use by members of his family of instrumentalities which he had provided for their pleasure and amusement. If, perchance, a parent should purchase a bicycle for the pleasure and amusement of his son, which, by reason of the negligence of the child, should occasion injury to another, the parent would be liable. The same thing would apply to a golf ball, base ball, roller skates, and a hundred and one other things which devoted parents are beguiled into supplying for the amusement and entertainment of their progeny.

It has never been the law in this country or in England that the father is liable for the torts of his children, either minors or adults, simply because of the relationship of parent and child and the majority opinion in this case and the authorities supporting it do not place the liability upon the ground of relationship, but attempt to sustain it upon the theory of the doctrine of master and servant.

Until the cases followed by the opinion in this case announced the novel doctrine applicable to injuries occasioned by automobiles driven by a member of the family, it has always been accepted, without question, that a master was not responsible for any act or omission of his servant which was not connected with the business in which he served him, and in determining whether a particular act is done in the course of the servant's employment it is proper to inquire, whether the servant was at the time engaged in serving the master. If the act was done while the servant was at liberty from his services, pursuing his own ends exclusively, there was no question but that the master was not responsible, even though the injuries complained of could not have been committed without the facilities afforded by the servant's relation to his master. Garretzen v. Duenckel, 50 Mo. 104, 11 Am. Rep. 405.

An automobile is not per se a dangerous agency. McNeal v. McKain, 33 Okl. 449, 126 Pac. 742, 41 L. R. A. (N. S.) 775; Lewis v. Amorous, 3 Ga. App. 50, 59 S. E. 338; Shinkle v. McCullough, 116 Ky. 960, 77 S. W. 196, 25 Ky. Law. Rep. 1143, 105 Am. St. Rep. 249; Christy v. Elliott, 216 Ill. 31, 74 N. E. 1035, 1 L. R. A. (N. S.) 215, 108 Am. St. Rep. 196, 3 Ann. Cas. 487; Chicago v. Banker, 112 Ill. App. 94; McIntyre v. Orner, 166 Ind. 57, 76 N. E. 750, 4 L. R. A. (N. S.) 1130, 117 Am. St. Rep. 359, 8 Ann. Cas. 1087; Indiana Springs Co. v. Brown, 165 Ind. 465, 74 N. E. 615, 1 L. R. A. (N. S.) 238, 6 Ann. Cas. 656; Smith v. Jordan, 211 Mass. 269, 97 N. E. 761; Hartley v. Miller et al., 165 Mich. 115, 130 N. W. 336, 33 L. R. A. (N. S.) 81;

Boes v. Howell, 24 N. M. 142.

Slater v. Advance Thresher Co., 97 Minn. 305, 107 N. W. 133, 5 L. R. A. (N. S.) 598; Daily v. Maxwell, 152 Mo. App. 415, 133 S. W. 355; Hall v. Compton, 130 Mo. App. 675, 108 S. W. 1122; Danforth v. Fisher, 75 N. H. 111, 71 Atl. 535, 21 L. R. A. (N. S.) 93, 139 Am. St. Rep. 670; Vincent v. Crandall, 131 App. Div. 200, 115 N. Y. Supp. 600; Knight v. Lanier, 69 App. Div. 454, 74 N. Y. Supp. 999; Steffen v. McNaughton, 142 Wis. 49, 124 N. W. 1016, 26 L. R. A. (N. S.) 382, 19 Ann. Cas. 1227; Jones v. Hoge, 47 Wash. 663, 92 Pac. 433, 14 L. R. A. (N. S.) 216, 125 Am. St. Rep. 915. This being true, an automobile would be in the same class as a horse and buggy, a bicycle, or other similar agency provided for the comfort, convenience, or amusement of the members of the family.

The following cases are cited in the notes referred to in the majority opinion as supporting, directly and indirectly, the position taken: Denison v. McNorton, 228 Fed. 401, 142 C. C. A. 631; Stowe v. Morris, 147 Ky. 386, 144 S. W. 52, 39 L. R. A. (N. S.) 224; McNeal v. McKain, 33 Okl. 449, 126 Pac. 742, 41 L. R. A. (N. S.) 775; Campbell v. Arnold, 219 Mass. 160, 106 N. E. 599; Bourne v. Whitman, 209 Mass. 155, 95 N. E. 404, 35 L. R. A. (N. S.) 701; Smith v. Jordan, 211 Mass. 269, 97 N. E. 761; Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L. R. A. (N. S.) 970; Ploetz v. Holt (1913) 124 Minn. 169, 144 N. W. 745; Guignon v. Campbell, 80 Wash. 543, 141 Pac. 1031; Switzer v. Sherwood, 80 Wash. 19, 141 Pac. 181, Ann. Cas. 1917A, 216; Birch v. Abercrombie, 74 Wash, 486, 133 Pac. 1020, 50 L. R. A. (N. S.) 59; Allen v. Bland (Tex. Civ. App. 1914) 168 S. W. 35; Hazzard v. Carstairs, 244 Pa. 122, 90 Atl. 556; Moon v. Matthews, 227 Pa. 488, 76 Atl. 219, 29 L. R. A. (N. S.) 856, 136 Am. St. Rep. 902; Cowell v. Saperston, 149 App. Div. 373, 134 N. Y. Supp. 284, also 208 N. Y. 619, 102 N. E. 1100; Davis v. Littlefield, 97 S. C. 171, 81 S. E. 487; Winn v. Haliday (1915) 109 Miss. 691, 69 South. 685; McHarg v. Adt (1914) 163 App. Div. 782, 149 N. Y. Supp. 244; Carrier v. Donovan, 88 Conn. 37, 89 Atl. 894; Hiroux v. Baum, 137 Wis. 197,

118 N. W. 533, 19 L. R. A. (N. S.) 332; Lashbrook v. Patten, 1 Duv. (Ky.) 317; Winfrey v. Lazarus, 148 Mo. App. 388, 128 S. W. 276; Daily v. Maxwell, 152 Mo. App. loc. cit. 422, 133 S. W. 351; Marshall v. Taylor, 168 Mo. App. 240, 153 S. W. 527; Hays v. Hogan, 180 Mo. App. 237, 165 S. W. 1125; McWhirter v. Fuller (Cal.) 170 Pac. 417. The case of Hutchins v. Haffner, 167 Pac. 966, L. R. A. 1918A, 1008, should also be added, as should Lewis v. Steele, 52 Mont. 300, 157 Pac. 575. A reading of the last expression of the Supreme Court of Massachusetts in the case of Smith v. Jordan, supra, will show that it does not go to the extent claimed for it, but is really the other way, nor do the other two cases cited support appellees contention. The Texas case (Allen v. Bland, supra) is not in point. There, the father permitted his 11 year old son to drive the automobile, and the case turned on the point that the father was liable because he permitted an inexperienced and incompetent boy to operate the automobile. In the Kentucky case (Stowe v. Morris, supra) the son was not operating the car for his own purpose, but was driving at the request and for the business of his sister; it being his duty, under instruction, to drive the same at the request of other members of the family. Nor are the Pennsylvania cases, for in each of the cases cited the machine was operated by a hired chauffeur on family business. Carrier v. Donovan, supra, the Connecticut case, is not in point, nor is the Wisconsin case of Hiroux v. Baum, supra. The Mississippi case is also distinguishable, as shown by the latter case, of Woods v. Clements, 113 Miss. 720, 74 South. 422, L. R. A. 1917E, 357. The New York cases were all decided by inferior courts, and the later expression by the Court of Appeals is the other way. The same is true of the Missouri cases. The Oklahoma case is not in point because the son, who was acting as chauffeur, did so at the request of his sister, taking the sister and her friend for a pleasure ride. Eliminating these, we have fairly sup-

porting the majority opinion the courts of Minnesota, Washington, South Carolina, Colorado, and Montana.

On the contrary, my position is supported by the following well-considered cases and authorities: Parker v. Wilson, 179 Ala. 361, 60 South. 150, 43 L. R. A. (N. S.) 87; Riley v. Roach, 168 Mich. 294, 134 N. W. 14, 37 L. R. A. (N. S.) 834; Danforth v. Fisher, 75 N. H. 111, 71 Atl. 535, 21 L. R. A. (N. S.) 93, 139 Am. St. Rep. 670; Cunningham v. Castle, 127 App. Div. 580, 111 N. Y. Supp. 1057; Sotz v. Hanlon, 217 Pa. 339, 66 Atl. 525, 10 L. R. A. (N. S.) 202, 118 Am. St. Rep. 922, 10 Ann. Cas. 731; Cohen v. Borgenecht, 83 Misc. Rep. 28, 144 N. Y. Supp. 399; Maher v. Benedict, 123 App. Div. 579, 108 N. Y. Supp. 228; Patterson v. Kates (C. C.) 152 Fed. 481; Slater v. Thresher Co., 97 Minn. 305, 107 N. W. 133, 5 L. R. A. (N. S.) 598; Stewart v. Baruch, 103 App. Div. 577, 93 N. Y. Supp. 161; Reynolds v. Buck, 127 Iowa 601, 103 N. W. 946; Doran v. Thomsen, 76 N. J. Law, 754, 71 Atl. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 677; Garretzen v. Duenckel, 50 Mo. 104, 11 Am. Rep. 405; Evans v. Automobile Co., 121 Mo. App. 266, 101 S. W. 1132; Maddox v. Brown, 71 Me. 432, 36 Am. St. Rep. 336; Broadstreet v. Hall, 168 Ind. 192, 80 N. E. 145, 10 L. R. A. (N. S.) 933, and notes, 120 Am. St. Rep. 356; Howe v. Leighton, 75 N. H. 601, 75 Atl. 102; Spelman v. Delano, 177 Mo. App. 28, 163 S. W. 300; Linville v. Nissen, 162 N. C. 95, 77 S. E. 1096; Tanzer v. Read, 160 App. Div. 584, 145 N. Y. Supp. 708; McFarlane v. Winters, 47 Utah 598, 155 Pac. 437, L. R. A. 1916D, 618; Heissenbuttel v. Meagher, 162 App. Div. 752, 147 N. Y. Supp. 1087; B. & R. Co. v. McLeod, Alberta L. R. 7 D. L. R. 579; Farthing v. Strouse, 172 App. Div. 523, 158 N. Y. Supp. 841; Loehr v. Abell, 174 Mich. 590, 140 N. W. 926; Armstrong v. Sellers, 182 Ala. 582, 62 South. 28; Schumer v. Register, 12 Ga. App. 743, 78 S. E. 731; Roberts v. Schanz, 83 Misc. Rep. 139, 144 N. Y. Supp. 824; University of Missouri Bulletin, Law Series 5 (De-

cember, 1914) p. 30; Case and Comment (August, 1915) p. 220; Harvard Law Review (November, 1914) p. 91.

Among the cases relied upon to support the liability of the father is that of Hays v. Hogan, 180 Mo. App. 237, 165 S. W. 1125. This case, however, went to the Supreme Court of Missouri, and that court repudiated the doctrine contended for and held, quoting from the syllabus:

"A father is not liable for the negligence of a minor son in driving an automobile purchased for the use of the family, solely in furtherance of the child's own business or pleasure, and permission of the father is immaterial." 200 S. W. 286.

The Court of Appeals of New York, in the case of Van Blaricom v. Dodson, 220 N. Y. 111, 115 N. E. 443, L. R. A. 1917F, 363, after stating the rule as announced by the Supreme Court of Washington, says:

"This is an advanced proposition in the law of principal and agent and the question which it presents really resolves itself into the one, whether, as a matter of common sense and practical experience, we ought to say that a parent who maintains some article for family use and occasionally permits a capable son to use it for his individual convenience ought to be regarded as having undertaken the occupation of entertaining the latter and to have made him his agent in this business, although the act being done is solely for the benefit of the son. That really is about all there is to the question. Not much can be profitably said by way of amplification or in debate of the query whether such a liability would rest upon reasonable principles or whether it would present a case of such theoretical and attenuated agency, if any, as would be beyond the recognition of sound principles of law as they are ordinarily applied to that relationship. The question largely carries on its face the answer, whichever way to be made. * * * But it seems to us that such a theory is more illusory than substantial, and that it would be farfetched to hold that a father should become liable as principal every time he permitted a capable child to use for his personal convenience some article primarily kept for family use. That certainly would introduce into the family relationship a new rule of conduct which, so far as we are aware, has never been applied to other articles than an automobile. We have never heard it argued that a man who kept for family use a horse or wagon or boat or set of golf sticks had so embarked

Boes v. Howell, 24 N. M. 142.

upon the occupation and business of furnishing pleasure to the members of his family that, if some time he permitted one of them to use one of those articles for his personal enjoyment, the latter was engaged in carrying out, not his own purposes, but, as agent, the business of his father. It seems to us that the present theory is largely due to the thought that because an automobile may be more dangerous when carelessly used than any of the other articles mentioned, there ought to be a larger liability upon the part of the owner, and, to this end, an extension of the doctrine of principal and agent in order properly to safeguard its use.  *  *  *  And in the present case it is in effect argued that because the use of an automobile upon a highway may be dangerous, and therefore is a privilege subject to license by the state, the courts can apply a different rule of agency to its use than would or could be applied to the case of the other articles which have been mentioned. This kind of argument, as it appears to us, discloses the novelty and weakness of the proposition which is being urged upon us. It seems to disclose the idea, as an essential part of the argument, that because an automobile is different than a horse or boat, some advanced rules ought to be applied to its use. But the rules of principal and agent are not thus to be formulated. They are believed to be constant and not variable in response to the supposed exigencies of some particular situation. The question whether one person is the agent of another in respect of some transaction is to be determined by the fact that he represents and is acting for him rather than by the consideration that it will be inconvenient or unjust if he is not held to be his agent. If, contrary to ordinary rules, the owner of a car ought to be responsible for the carelessness of every one whom he permits to use it in the latter's own business, that liability ought to be sought by legislation as a condition of issuing a license rather than by some new and anomalous slant applied by the courts to the principles of agency.''

This opinion says about all that can be said upon the subject. If the lawmaking power of the state deems it necessary that the owner of an automobile should be made liable for injuries occasioned by its negligent operation by members of the family, it can pass appropriate legislation to accomplish such end. A court, however, is not a legislative branch of the government, and should not assume powers not vested in it by the Constitution.

For the foregoing reasons, I dissent.