JOHN HERLIHY *vs.* JOSEPH SMITH & another.

Essex. November 5, 1874. AMES & DEVENS, JJ., absent.

The owner of a horse and carriage is not liable for an injury caused by the negligent driving of a borrower, to a third person, if they were not being used at the time in the owner's business.

TORT against Joseph Smith and Daniel C. Manning, who were alleged to be partners, for a personal injury sustained by the plaintiff in consequence of the negligent driving of the defendants' horse and vehicle, while in the possession of George H. Phillips, a minor. Trial in the Superior Court, before *Lord, J.,* who allowed a bill of exceptions in substance as follows :

At the trial, the plaintiff testified that after he was run over he saw the defendants at their office, and told Manning what their driver and team had done to him, and showed his bodily bruises. Manning asked his partner, Smith, if he let that boy have the team ; Smith said he did, and sent him, Phillips, on an errand to Dean Street. The plaintiff also fully described the work he was doing, paving the horse-car railroad, and standing within the track, with room on either side sufficient for one or two vehicles to pass safely, and the manner in which he was struck in the back, knocked down and run over.

The defendants also testified, Manning saying that his partner said, in the plaintiff's presence, that he lent the team to Phillips ; and Smith testifying that he lent it to Phillips, for a short time, to do an errand for his mother.

On this evidence, the plaintiff contended that the defendants, as owners, were liable for any injury done by their horse and vehicle, while in the possession of Phillips ; that their liability

resulted from the act of intrusting the horse and vehicle to a boy eighteen or nineteen years old, though he might not be a hired servant or agent; that by the voluntary selection by one partner of a reckless or careless driver, both defendants became liable; that such improvident selection of a driver was legal negligence on the part of the defendants, as livery stable keepers, rendering them, as owners, legally liable for such injudicious choice; that the fact, if proved, that Phillips was temporarily a mere bailee, would be no valid defence, since, during the ride, no special property vested in the driver, and the owners were not divested, even temporarily, of their general property; that there being no disclosure, before the injury, of the agreement and relation specially existing between the driver and the defendants, to the public or the plaintiff, the defendants could not now avail themselves of the defence of a bailment, as pleaded, against third persons or strangers; also that the defendants, by retaking the horse and vehicle on their return, adopted and ratified the driver's acts while in possession.

The presiding judge declined so to rule, but ruled that if the defendants merely allowed the said Phillips, for the performance of his own business, in which they had no interest, to use the horse and carriage temporarily, whether for hire or gratuitously, they would not thereby become responsible for injury done to another by negligence in the use of such horse and vehicle.

A verdict was thereupon taken for the defendants, and the plaintiff alleged exceptions to the foregoing ruling and refusal to rule.

*D. Roberts*, for the plaintiff. The owner of a horse and vehicle is primarily liable to the party injured by negligence in driving, whether the person selected to drive be a borrower or hirer. Story Agency, §§ 453, 453 *a*. *A fortiori*, is this true, if the owner be a keeper of a livery stable in a populous or commercial place. Such owner, licensed or not, is bound to observe good faith to the public, and not intrust his movable property to drivers wanting in care, skill, capacity or experience. If a hirer were formerly liable, the law has been settled otherwise by a long series of decided cases. *Laugher* v. *Pointer*, 5 B. & C. 547, and cases cited. The rulings of the presiding judge at the trial are not sustained by authority. *Sammell* v. *Wright*, 5 Esp. 263. *Dean* v. *Branthwaite*, 5 Esp. 35. *Goodman* v. *Kennell*, 3 C. &

P. 167. *Whatman* v. *Pearson,* L. R. 3 C. P. 422. *Booth* v. *Mister,* 7 C. & P. 66. *Joel* v. *Morison,* 6 C. & P. 501. *Heath* v. *Wilson,* 2 Moody & Rob. 181.

*W. D. Northend & C. A. Benjamin,* for the defendants, were not called upon.

BY THE COURT. The ruling at the trial was correct. The case is too plain for discussion. *Exceptions overruled.*