(63 Misc. Rep. 114.)

### INGRAHAM v. STOCKAMORE et al.

(Supreme Court, Trial Term, Fulton County. April, 1909.)

1. HIGHWAYS (§ 172*)—USE FOR TRAVEL—AUTOMOBILES.

   An automobile owner's responsibility must be measured by the character of the machine, the place where used, and the dangers attending its use.

   [Ed. Note.—For other cases, see Highways, Cent. Dig. § 459; Dec. Dig. § 172.*]

2. HIGHWAYS (§ 183*)—USE FOR TRAVEL—AUTOMOBILES.

   An automobile being a dangerous machine, the owner is responsible for injuries due to the negligence of any one he permits to run it.

   [Ed. Note.—For other cases, see Highways, Dec. Dig. § 183.*]

Action by Tarquin S. Ingraham against Samuel Y. Stockamore and Elmer Van Vranken. Verdict for plaintiff against both defendants, and Stockamore moves to set aside the verdict as to him. Motion denied.

Frank Talbot, for plaintiff.
W. S. Cassedy, for defendants.

SPENCER, J. The plaintiff has recovered a verdict against both defendants for injuries sustained by being run into by an automobile owned by the defendant Stockamore, and operated by the defendant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Van Vranken. The latter was employed generally by the former; one of his duties being to act as chauffeur. At the time of the accident he was in charge of the machine with the consent of the owner and was making a pleasure trip with some boon companions. In going along Main street in the city of Gloversville, the machine was so managed that it ran into a covered carriage, known as a doctor's gig, which stood at the side of the street in front of a house. The plaintiff, as driver, was sitting in the gig and was thrown out and injured. The jury were instructed by the court that they might find a verdict against the defendant Stockamore, the owner, if the machine was being used with his consent; the law being stated in these words:

"I am going to charge you that the owner of an automobile should be responsible for injuries caused by it by the negligence of any one whom he permits to run it in the public street."

The legal proposition contained in this instruction is, no doubt, a novel one, but finds full justification in the novelty of the situation. The responsibility which should be imposed upon owners of automobiles must be measured by the character of the machines, the place where they are used, and the dangers attending their use. Automobiles are dangerous. The statute (Motor Vehicle Law, Laws 1904, p. 1311, c. 538) requires that every person acquiring an automobile shall, for every such vehicle owned by him, file in the office of the Secretary of State a statement of his name and address, with a brief description of the vehicle to be registered, including the name of the maker, factory number, style, and motor power. Also every owner is required to have a number, assigned by the Secretary of State, displayed on the back of the car in such a manner as to be plainly visible. Unregistered automobiles are prohibited from being used upon the highway. The statute also provides that every person acting as chauffeur must make application to the Secretary of State, giving his name and address and the trade-name and motive power of the vehicles he is able to operate, and this also must be filed in the office of the Secretary of State. Upon such filing the Secretary of State is required to furnish such chauffeur a badge, properly stamped, which badge shall be worn by the chauffeur, pinned upon his clothing in a conspicuous place, at all times while he is operating his machine. No unregistered person is permitted to act as chauffeur, nor may one authorized permit another to make use of his badge, under penalty of fine and imprisonment.

It would seem, from these provisions in reference to the owners of automobiles and those who operate them, that the Legislature regarded automobiles as dangerous machines, and that their owners should be under special liabilities for the manner in which they operate them. No such restrictions have ever been imposed on other methods of transportation on highways. It is absurd to say that an automobile is no more dangerous than a team of horses. The latter have been used time out of mind, and comparatively few accidents have occurred, and those mostly to the ones using the horses. During the few years that automobiles have been in use, fatal accidents have been of almost daily occurrence, and automobiles have come to

be regarded in both city and country as a menace to people on the highway. Their rapidity and the stillness of their movements make them especially dangerous to pedestrians. Attempts have been made by law to limit their speed, but it has been impossible to enforce the law. No doubt the Legislature had in mind these facts when making the provisions of the act. Such provisions, requiring the registration of the names of the owner and chauffeur and the number of each machine, can have but one purpose—to enable identification of the persons responsible in case of accident.

An automobile being a dangerous machine, its owner should be held responsible for the manner in which it is used; and his liability should extend to its use by any one with his consent. He may not deliver it over to any one he pleases and not be responsible for the consequences. The learned justice, in the prevailing opinion in Cunningham v. Castle, 127 App. Div. 580, 111 N. Y. Supp. 1057, says:

"It may be that it would be wise and in the public interests that responsibility for an accident caused by an automobile should be fixed to the owner thereof irrespective of the person driving it, but the law does not so provide."

I do not think so stringent a rule is necessary. In cases where an automobile is used without the consent of its owner, the latter should not be responsible; but, in those cases where an automobile is operated on the highway with the consent of the owner, he should be responsible. The impression of the justice quoted seems to be that the court, in dealing with a case in which an automobile is concerned, is bound by the rules which have application to horses, sailboats and motor launches; but the court is not so limited. It must make use of a rule which meets the conditions; and, if there exists no rule applicable, then it must promulgate one that will be applicable.

It seems to me that the just and true rule as to owners of automobiles is the one given to the jury on the trial of this case, and the motion therefore to set aside the verdict is denied.

Ordered accordingly.