S. M. REYNOLDS, Appellant, v. JOHN W. BUCK.

**Negligence:** AUTOMOBILE ACCIDENT: LIABILITY OF OWNER. The owner of an automobile is not liable for an injury resulting from the negligent operation of the machine by a son, without the father's knowledge and consent and not at the time in his employ or about his business.

*Appeal from Scott District Court.*— HON. JAS. W. BOL-LINGER, Judge.

SATURDAY, JUNE 10, 1905.

SUIT to recover damages for a personal injury. There was a directed verdict for the defendant, and a judgment thereon, from which the plaintiff appeals.— *Affirmed.*

*Lane & Waterman,* for appellant.

*Arp & Noth* and *Cook & Dodge,* for appellee.

SHERWIN, C. J.— At the time of the accident causing the plaintiff's injuries the defendant was a dealer in agricultural implements, buggies, automobiles, etc., in the city of Davenport, and his son Emil J. Buck was in his employ as a clerk. There was an automobile parade in the city of Davenport in the afternoon of the day in question, and, on the solicitation of the committee having the matter in charge, the defendant decorated an electric automobile belonging to him, and the machine, operated by one of his daughters, had a place in the parade. The son, Emil J., who had been employed in his father's establishment for some time, was given a lay-off or holiday for the parade. He spent the forenoon of the day in decorating a steam automobile that he intended to use in the parade, and in the afternoon, during a part of the time that the parade was in progress, he and some of his friends used the steam machine on the streets. They then returned it to the defendant's place of business, and left it on the premises; and soon thereafter the son and his companions, young men and women, went to the river. In the meantime the parade was concluded, and the electric machine was returned to the defendant's place of business by the daughter, and left on the street, in front of the store. The defendant was present at the time, and directed an employé to take it in, and soon thereafter he left the store. A short time after the defendant had left the store, the son, Emil J., and a young lady friend returned thereto; and she, desiring to go home from there, accepted his invitation to ride home in the automobile. He took her to her home by the nearest route, and on his way back to his father's store the plaintiff's horse became frightened at the machine, and the accident happened, resulting in the injury complained of.

Conceding, for the purposes of this appeal, that the son was negligently operating the machine at the time of the

accident, was such negligence chargeable to the defendant, under the evidence? We are clearly of the opinion that it was not. The direct evidence all shows that his use of the electric automobile was solely for the pleasure and convenience of the young lady and himself, and that it was in no way or sense connected with his employment or with the defendant's business. The mere fact that the automobile still wore the decorations, and that it might on account thereof attract attention, and incidentally advertise the defendant's business, would not have justified the jury in finding that the son was about his father's business at the time. An inference so farfetched should not be permitted to control and destroy direct and positive testimony to the contrary. *Meyer v. Houck,* 85 Iowa, 319. The son had been given a holiday and was master of his own time on that day. This is conclusively shown. The defendant had ordered the machine put away, and did not know that his son wished or intended to use it. It was taken and used for the son's own pleasure, and we think the verdict was very properly directed for defendant.— *Affirmed.*