PATRICK DORAN v. HUGO A. THOMSEN.

Argued November 8, 1906—Decided February 25, 1907.

1. An owner of a vehicle is not liable for an injury caused by the negligent driving of a borrower, if it was not used at the time in the owner's business.
2. A master is ordinarily liable to answer in a civil suit for the tortious act of his servant, if the act be done in the course of his employment in his master's service. Whether so done or not must depend upon the facts of each particular case.

On demurrer to declaration.

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the plaintiff, *Willard W. Cutler.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

TRENCHARD, J. The declaration contains three counts, the first of which alleges that the defendant was the owner and possessor of a certain motor vehicle, capable of being run upon the public highway at the speed of sixty miles an hour, and it thereby became the duty of the defendant to use due care in the management and control thereof, "and to only allow careful, experienced and competent persons to operate, propel and run the said motor vehicle, and in such way and manner and at such a rate of speed as to keep the same within safe and proper control." The breach alleged is that the defendant negligently consented and allowed the vehicle to be run along the public highway by an inexperienced, careless and incompetent person, well knowing the person to be incapable of safely operating the vehicle, and by the negligence of such person it was run at such a high rate of speed, to wit, sixty miles an hour, and in such a careless manner, as to run

over the plaintiff while upon the public highway, causing the injury of the plaintiff.

The second count alleges that the defendant possessed and had under his control a motor vehicle, capable of being run along the public highways at a speed of sixty miles an hour, to the great danger of the plaintiff and all other persons lawfully using the highways; that it was the duty of the defendant to use due care in the use and control of the same while being operated upon the public highways, to avoid running into the plaintiff and other persons lawfully using the highways, and to keep the same within proper control and to run at no greater speed than authorized by law; that defendant disregarded these duties and did "negligently direct, consent and allow the said motor vehicle so in his possession and control to be operated by a member of his family, and the said motor vehicle was then and there so carelessly, negligently and improperly operated, propelled and run by a member of defendant's family, for the said defendant, and without regard to the safety of the said plaintiff," and other persons using the highway, at such a high rate of speed that it was not under the control of the person so operating the same for the defendant, and through the negligence of such person ran into the plaintiff, who was walking upon the highway, causing the injury complained of.

The third count is substantially the same as the first, with this difference, however, that it alleges that the defendant carelessly allowed his daughter, "an inexperienced, careless and incompetent person," to operate the vehicle in such manner as not to have it under proper control, well knowing that it was operated by his daughter, and that she was inexperienced and incompetent, and defendant "utterly failed and neglected to take any means to prevent the said motor vehicle from being so operated by his said daughter."

The defendant has demurred separately to each count, and assigns, among others, the following grounds—*first,* that none of the counts show that the motor vehicle was at the time of the accident under the control and management of

the defendant, or that the person driving it was under the control of the defendant, or that the relationship of master and servant existed between the defendant and the driver; *second,* that the counts allege liability of the owner for the negligence of a bailee.

The first and third counts plainly disclose no cause of action. They are apparently based upon the erroneous assumption that because the defendant loaned his motor vehicle to some one over whom he had no direction or control at the time of the accident he shall be held liable for the mere loaning. But no such liability rests upon him. An owner of a vehicle is not liable for an injury caused by the negligent driving of a borrower, if it was not used at the time in the owner's business. *Herlihy* v. *Smith,* 116 *Mass.* 265; *New York, &c., Railway Co.* v. *New Jersey Electric Railway Co.,* 31 *Vroom* 338; *affirmed,* 32 *Id.* 287.

These counts contain no allegation that the vehicle was used at the time in the owner's business. Nor is there any allegation therein that the vehicle was under the control or management of the defendant, or that the person driving it was under the control of the defendant, or that the relationship of master and servant existed between the defendant and the driver.

The second count, however, although loosely drawn, we think, may stand. It alleges that the defendant did negligently direct, consent and allow the motor vehicle to be operated by a member of his family, and that while such person was operating the same for the defendant, the accident was caused by the carelessness, negligence and incompetency of the person so operating the same. It in effect avers the relationship of master and servant, and that the accident was caused by the negligence of the servant while operating the motor vehicle for the master.

There is perhaps no rule of law more firmly settled than that a master is ordinarily liable to answer in a civil suit for the tortious act of his servant, if the act be done in the course of his employment in his master's service; whether so done

or not, must depend upon the facts of each particular case. *Aycrigg* v. *New York and Erie Railroad Co.*, 1 *Vroom* 460.

The demurrer to first and third counts is sustained and to the second count is overruled.