## Lotz, Appellant, *v*. Hanlon.

217    339
f 35 SC  70

217    339
138SC  622

217  339
d227  492

*Negligence—Automobiles—Ownership of machine—Negligence of employee—Evidence.*

In an action against an owner of an automobile to recover damages for personal injuries resulting from being run down by the machine, the plaintiff must show not only the fact that the person in charge was defendant's servant, but the further fact that he was at the time engaged on the master's business, with the master's knowledge, and by the master's direction. Evidence of the mere ownership of the machine is insufficient.

Argued Jan. 16, 1907. Appeal, No. 255, Jan. T., 1906, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T.,

1905, No. 1,563, on verdict for defendant in case of Caspar
Lotz *v*. Felix L. Hanlon. Before MITCHELL, C. J., FELL,
BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before
AUDENRIED, J.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Thad. L. Vanderslice*, with him *G. A. Swayze*, for appellant.—The case was for the jury : Guinney · v. Hand, 153 Pa.
404 ; McIldowny v. Williams, 28 Pa. 492 ; Penna. R. R. Co.
v. Spicker, 105 Pa. 142 ; Patterson v. Dushane, 115 Pa. 334 ;
Brunner v. Tel. Co., 151 Pa. 447 ; Oliphant's Law of Horses,
337.

*John G. Johnson*, with him *George L. Crawford*, for appellee.—The instructions were proper : Whatman v. Pearson,
L. R. 3 C. P. 422 ; St. Louis S. W. Ry. Co. v. Harvey, 144 Fed.
Repr. 806 ; Cavanaugh v. Dinsmore, 12 Hun, 465 ; Sheridan v.
Charlick, 4 Daly, 338 ; Clark v. Buckmobile Co., 94 N. Y.
Supp. 771 ; Holler v. Ross, 53 Atl. Repr. 472 ; Howe v. Newmarch, 94 Mass. 49 ; McCarthy v. Timmins, 178 Mass. 378
(59 N. E. Repr. 1038) ; Quigley v. Thompson, 211 Pa. 107 ;
Guille v. Campbell, 200 Pa. 119 ; Rudgeair v. Reading Traction Co., 180 Pa. 333 ; Murphy v. Phila. Rapid Transit Co.,
30 Pa. Superior Ct. 87.

OPINION BY MR. JUSTICE STEWART, April 1, 1907:

It was essential to a recovery in this case that it be made
to appear that the accident from which plaintiff's injury resulted occurred while the person in charge of the automobile
was using it in the course of his employment, and on his master's business. Plaintiff offered no direct evidence as to this,
but having shown the ownership of the machine to be in the
defendant, sought to derive from this circumstance, and this
alone, not only the fact that the person in charge was defend-

ant's servant, but the further fact that he was at the time engaged on the master's errand. If when plaintiff rested, a nonsuit had been ordered, he could not have been heard to complain. Ownership of the machine in cases of this character is at best but a scant basis for the inference that was here sought to be derived from it. It is allowed as adequate only when the attending circumstances point to no different conclusion. In itself it is but one of a series of circumstances, and its significance depends on the extent of the general concurrence of these. If they indicate something different, the scant basis that this single fact otherwise might afford is reduced below the point of sufficiency. Because its value as a probatory fact so entirely depends upon attending circumstances, it is always the duty of the party seeking to establish through it a prima facie case, to develop the whole situation, so that its significance may be correctly measured. When he fails in this regard, and his evidence leaves the general situation undisclosed, and this without explanation of the failure, he is liable to suffer from the inference that what was not disclosed was prejudicial to his case. Where this occurs the mere fact of ownership can count for little.

The plaintiff's case discloses nothing more than that the plaintiff had been run down by an automobile in a frequented street in the city, after nightfall; that the machine was at the time occupied by four persons, one being the driver whose identity was established; and that the machine was registered in the name of defendant as owner. There was absolutely nothing in the evidence to establish the relation of master and servant between the defendant and the driver of the automobile, outside the defendant's ownership. It was not even attempted to be shown that the man driving the machine had ever been in defendant's employ in any capacity whatever. The defendant was not identified as one of the party of four in the machine, and not one of the four was called to testify in regard to the matter. The jury had a right to be informed as to who these persons were, where they were going, upon what mission, at whose invitation they were occupying the automobile, and in what relation they stood to the defendant, so that they might intelligently determine the question of defendant's liability. The significance of the ownership of the

machine could be measured only as the facts here suggested were disclosed. Had the case gone to the jury, it would have been the duty of the court to instruct as matter of law, that no explanation having been given as to why testimony in relation to these circumstances was not produced, the jury might draw the inference that such testimony would be unfavorable to plaintiff's contention. It would be an inference of fact; but in determining whether plaintiff had or had not made out a case warranting a submission, it would be for the court's consideration.

Was this manifest insufficiency of plaintiff's case supplied in any way by the evidence offered on part of the defendant? The evidence establishes the fact that the man driving the machine when the accident occurred was in the defendant's regular employment as chauffeur; that the machine was intrusted to his care and keeping, only, however, for defendant's own use as he might direct. So much is supplied. But it comes to nothing that the driver was the defendant's servant, if it appears that at the time the accident happened he was not on the master's errand or business. If he were on an errand of his own, then as long as so engaged he did not stand in the relation of servant. The evidence on part of the defendant, and not attempted to be contradicted or discredited, leaves it clear of all doubt that the three persons occupying the machine with the driver when the accident occurred, were there by invitation of the driver, that they were entire strangers to the owner of the machine, and that the machine was being employed by the driver on this occasion without the knowledge of the owner. We are considering now so much of the evidence offered by the defendant as may be claimed to supplement that offered by the plaintiff, and therefore we may regard the facts as admitted. It shows that without the knowledge of the owner, or of anyone with right to use the machine in absence of the owner from the country, the driver on the morning of the day the accident occurred arranged to take some friends of his own choosing for a drive during the course of the evening. He personally invited a female friend, and through her invited two others, a man and woman, to join the party. He had it in mind to stop in the course of the drive at a store where automobile supplies were

sold, to purchase some sparks for future use in connection with the machine. It is clear that this purpose was simply incidental to the evening's trip, and was suggested by consideration of the driver's own convenience. The main purpose of the drive was for the pleasure and enjoyment of the driver and his selected friends. The persons invited by him resided quite a distance from each other, and in assembling them the driver at the start was obliged to go a considerable distance in the opposite direction from where the supply store was. It was after all were in the machine that the accident happened, but it was while he was at a point further from the supply store than was his starting point. But had it happened while on the direct route to the store, even though the obtaining of sparks was the main purpose of the drive, this would not have made it an errand on the master's business without some evidence that it was taken with the knowledge and approval of the master. There was not a particle of evidence in the case that the use of the machine for such purpose had ever been allowed by the master. The most that appeared was that the driver had been allowed on some occasions to purchase the necessary supplies for the machine at this store on the master's credit; but none that he had ever used the machine in going to the store to get them, or that he ever employed it in any way except as ordered by the master in connection with each particular occasion. So far as appears, the use of the machine by the driver on the evening when the accident occurred was wholly unlicensed, was for his own convenience and pleasure, and therefore entirely apart from his master's business. The case as exhibited by the plaintiff was insufficient to warrant a recovery; its insufficiency was not supplied by anything shown on the part of the defendant, and it therefore became the duty of the court to direct the verdict.

Judgment affirmed.