HARTLEY v. MILLER.

BAILMENTS—AUTOMOBILES—NEGLIGENCE OF BAILEE AS TO THIRD PERSONS.

Before the enactment of the motor vehicle law (Act No. 318, Pub Acts 1909), the owner of an automobile, riding in his car as a guest of a person who had borrowed and was driving the machine, was not liable to a third person injured by the driver's negligent operation thereof.[1]

[1] Liability of owner of automobile for injuries caused thereby while being used by a servant or a third person for his business or pleasure, see notes in 9 L. R. A. (N. S.) 1033; 14 L. R. A. (N. S.) 216; 26 L. R. A. (N. S.) 382.

Case-made from Wayne; Rohnert, J. Submitted February 23, 1911. (Docket No. 33.) Decided March 13, 1911.

Case by William Hartley against Frank P. Miller and August Lootens for personal injuries. A judgment for defendant Miller on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Philip A. McHugh & William Henry Gallagher*, for appellant.

*Albert McClatchey*, for appellees.

STONE, J. This case is before us upon a case-made after judgment.

It appears that the plaintiff was a street car conductor in the employ of the Detroit United Railway in the city of Detroit. On Sunday, May 24, 1908, about 3:45 p. m., he was engaged in his duties as conductor on a Fourteenth avenue car, running east on Henry street from Grand River avenue to Cass avenue. The car was an open one with a running board on the right-hand side. The plaintiff was standing on this running board, collecting fares. The defendant Frank P. Miller at this time was the owner of an automobile. On the night preceding the day in question the defendant August Lootens visited said Miller at his home and asked for the loan of his automobile on the succeeding day. Miller consented to let Lootens have the automobile on the following day. Accordingly, between 2 and 3 o'clock p. m. Lootens called at Miller's home for the automobile, and on his (Lootens') invitation, Miller entered the auto and rode to his (Lootens') home, Lootens operating the machine; and when they arrived there, Lootens and his company insisted upon Miller's accompanying them on the ride, and Miller finally acceded to their invitation and went with them. There were two front seats in the automobile. Lootens sat on the right-hand side, in the driver's seat, and operated the

machine. Miller occupied the other front seat. It is admitted that Miller had loaned the machine to Lootens; that he (Miller) accompanied the party on Lootens' invitation, and as Lootens' guest, and that Miller did not in any way participate in the operation or control of the automobile. Lootens had had considerable experience in the operation of automobiles, though he had never driven this particular machine before the day of the accident. After leaving Lootens' home, the party started on the drive, and finally reached Second avenue, and proceeded north along that thoroughfare toward Henry street, and came into collision with the street car on which plaintiff was employed, injuring him, at the corner of Second avenue and Henry street.

There was some dispute as to the manner of, and responsibility for, the accident, but it is not material to the question presented here. When all of the testimony had been submitted, defendant Miller moved the court to direct a verdict of no cause of action as to him, upon the ground that the evidence showed that at the time of the accident the automobile had been loaned by defendant Miller to defendant Lootens, and that the latter was at such time in actual, active control and operation of the automobile in his own behalf, and was not in any way operating the same as the agent or employé of the defendant Miller; that defendant Miller was, at the time of the accident, a mere guest in the automobile, and not in any way responsible for its operation or control. This motion was granted, and a verdict and judgment were entered for defendant Miller, and the case proceeded to a verdict and judgment against defendant Lootens in favor of the plaintiff. The plaintiff has appealed, and assigns error in granting defendant Miller's motion, and in directing a verdict of no cause of action as to defendant Miller.

It will be noticed that there is nothing in the record to show that Miller had ever operated the auto, or that he could operate it, or that he had any greater knowledge or skill than Lootens possessed as to its operation. It should

be borne in mind that the alleged cause of action arose before the statute of 1909, regulating motor vehicles, was enacted.

It is the contention of the plaintiff that, because defendant Miller was present and the machine was being used with his consent at the time of the injury complained of, he is liable; that an automobile being a dangerous machine, its owner should be held responsible for the manner in which it is used. It is the claim of defendant Miller that it is undisputed that the automobile had passed into the possession and control of defendant Lootens for the day, and that Miller did not have the right or authority to dictate or direct the manner in which the automobile should be operated; that it was as much in the control of Lootens for that day as it would have been had he been the absolute owner thereof; that an automobile is not a dangerous instrumentality, and under such circumstances there is no theory upon which Miller could be held liable for the negligence of Lootens. In our opinion this claim of defendant Miller is supported by the great weight of authority.

*Doran* v. *Thomsen*, 74 N. J. Law, 445 (66 Atl. 897), is a leading case upon this subject. It was there held that the owner of a motor vehicle is not liable for an injury caused by the negligent driving of a borrower, if it was not used at the time in the owner's business. A number of cases are there cited, including *Herlihy* v. *Smith*, 116 Mass. 265. See, also, *Cunningham* v. *Castle*, 127 App. Div. 580 (111 N. Y. Supp. 1057), decided in 1908, where the same rule is applied, and where the authorities are reviewed at length.

The general proposition as to the responsibility for a tort is stated by Andrews, J., in *King* v. *Railroad Co.*, 66 N. Y. 161 (23 Am. Rep. 37), as follows:

" Where one person has sustained an injury from the negligence of another, he must, in general, proceed against him by whose negligence the injury was occas-

ioned. If, however, the negligence which caused the injury was that of a servant, while engaged in his master's business, the person sustaining the injury may disregard the immediate author of the mischief and hold the master responsible for the damages sustained."

In *Wyllie* v. *Palmer*, 137 N. Y. 248 (33 N. E. 381, 19 L. R. A. 285), it was held that the doctrine of *respondeat superior* applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of some neglect or wrong at the time, and in respect to the very transaction out of which the injury arose. The following cases are also in point: *Jones* v. *Hoge*, 47 Wash. 663 (92 Pac. 433, 14 L. R. A. [N. S.] 216, 125 Am. St. Rep. 915); *Slater* v. *Thresher Co.*, 97 Minn. 305 (107 N. W. 133); *Lotz* v. *Hanlon*, 217 Pa. 339 (66 Atl. 525, 10 L. R. A. [N. S.] 202, 118 Am. St. Rep. 922, 10 Am. & Eng. Ann. Cas. 731, and note); *Reynolds* v. *Buck*, 127 Iowa, 601 (103 N. W. 946).

The case is governed by the general rules of law governing the relation of master and servant, or principal and agent. The rule of law applicable to the care and protection of dangerous instrumentalities does not apply. *Cunningham* v. *Castle, supra; Jones* v. *Hoge, supra.*

Our examination has shown that the courts of last resort in all parts of the United States have, without exception, held that, in the absence of statutory liability, the owners of automobiles were not liable for the negligence of a borrower, where the machine was not used in the master's business. Counsel for plaintiff has cited the case of *Ingraham* v. *Stockamore*, in the Supreme Court of New York, reported in 63 Misc. Rep. 114 (118 N. Y. Supp. 399), in support of his position. This is not a court of last resort, and it stands alone in holding that an automobile being a dangerous machine, its owner should be held responsible for the manner in which it is used, and that his liability should extend to its use by any one with

his consent. We do not understand this to be the law in any State, in the absence of statutory enactment.

We are of opinion that the circuit judge did not err in directing a verdict for the defendant Miller for the reasons stated by him, and the judgment below is affirmed.

BIRD, HOOKER, MOORE, and BROOKE, JJ., concurred.