BRINKMAN *v.* ZUCKERMAN.

1. MASTER AND SERVANT — NEGLIGENCE — LIABILITY OF MASTER — SCOPE OF EMPLOYMENT.

In an action for injury to plaintiff's property by an automobile driven by defendant's chauffeur, defendant's liability depends upon whether the chauffeur, when the accident occurred, was acting as defendant's servant and within the scope of his employment.

2. SAME—AUTOMOBILES—"DANGEROUS INSTRUMENTALITY."

An automobile is not a "dangerous instrumentality" in a legal sense; and the relation between the owner of a car and his chauffeur is determined, in the absence of statute, by the general rules of law applicable to master and servant.

3. SAME—"COURSE OR SCOPE OF EMPLOYMENT"—MASTER'S BUSINESS.

The phrase "in the course or scope of his employment or authority," when used relative to the acts of a servant, means while engaged in the service of his master, or while about his master's business.

4. SAME—SCOPE OF EMPLOYMENT—COMMON LAW.

Where the accident occurred while the chauffeur was on a trip solely for his own pleasure, there is no rule of the common law that holds the master liable therefor; he was no more responsible than he would have been if the chauffeur had borrowed some other car.[1]

5. SAME—BORROWED CAR—LIABILITY OF OWNER.

The owner of an automobile is not liable for an injury caused by the negligent driving of a borrower, if it was not used at the time in the owner's business when his responsibility is not affected by some statute.

6. SAME.

The permission of defendant to the chauffeur to use the automobile for purposes personal to the chauffeur, and in

---

[1]For authorities on the question of liability of owner for injuries by automobiles while being used by servant or third person for his own business or pleasure, see notes in 1 L. R. A. (N. S.) 235; 9 L. R. A. (N. S.) 1033; 14 L. R. A. (N. S.) 216; 21 L. R. A. (N. S.) 93; 26 L. R. A. (N. S.) 382; 33 L. R. A. (N. S.) 71; 37 L. R. A. (N. S.) 384; 47 L. R. A. (N. S.) 662; L. R. A. 1916A, 957.

which the defendant had no interest, did not make him liable.

7. SAME—SCOPE OF EMPLOYMENT.
　　Although the accident occurred while the chauffeur was returning from his pleasure trip, and while on his way to keep an appointment with his employer, it was not connected with the latter's business so as to render him liable.

Error to Wayne; Mandell, J. Submitted April 12, 1916. (Docket No. 124.) Decided September 26, 1916.

Case in justice's court by Frank E. Brinkman against Leo Zuckerman for damages to plaintiff's property. From a judgment for defendant, plaintiff appealed to the circuit court. Judgment for defendant on a verdict directed by the court. Plaintiff brings error. Affirmed.

*Clarence P. Milligan,* for appellant.

*Frank J. Riggs,* for appellee.

PERSON, J. This action was brought to recover damages for an injury to plaintiff's property, caused by the running of an automobile against the front of his store. The automobile was owned by defendant, and was being driven at the time by one McIvoy, who was employed by defendant generally as a chauffeur. In the absence of any statute enlarging the responsibility of the owner, defendant's liability depends upon whether the chauffeur, when the accident occurred, was acting as his servant and within the scope of his employment. The trial judge held that he was not, and directed a verdict against plaintiff.

Defendant lived on Edison avenue in the city of Detroit, and on April 17, 1915, had been driven by the chauffeur at about 8 o'clock that evening, to a

192 Mich.—40.

place on Brush street, near Hancock.  For this purpose the chauffeur had taken the car from the garage on Edison avenue, near defendant's residence.  When defendant alighted on Brush street he directed the chauffeur to return for him at 12 o'clock.  It does not appear that any further orders were given to the chauffeur at the time.  After leaving defendant the latter drove the car to his own residence on Merrick avenue, about three-quarters of a mile from Brush street, and, learning that his wife had gone to her father's on Dix avenue, south of Michigan avenue, he drove on to the latter place.  This was $2\frac{1}{2}$ or 3 miles from Brush street.  He testifies that he went over to Dix avenue solely for his own pleasure.  He remained at the home of his wife's father until 15 or 20 minutes before 12 o'clock, and then started back to keep the appointment with defendant.  He had gone but a few blocks when he took in three colored men as passengers, intending, he says, to carry them to their destination at the intersection of Woodward and Warren avenues.  This point was not on the direct route back to Brush street, but was not much out of the way. The chauffeur had not gone far after taking the passengers in when his car ran across the sidewalk at the intersection of Scotten avenue and Michigan avenue, crashing into the front of plaintiff's store and doing considerable damage.

The action of the trial judge in directing a verdict for defendant was warranted by the facts of the case. An automobile is not a "dangerous instrumentality," in the sense in which that term is used in the law; and the relation between the owner of a car and his chauffeur is determined, in the absence of a statute, by the general rules of law relative to master and servant. *Hartley* v. *Miller*, 165 Mich. 115 (130 N. W. 336, 33 L. R. A. [N. S.] 81).  Counsel for appellant cites us to many cases where the owner of the car has been

held liable when his business was being attended to, either directly or indirectly, although the driver at the same time was also pursuing some object of his own. *Quinn* v. *Power*, 87 N. Y. 535 (41 Am. Rep. 392); *Ritchie* v. *Walter*, 63 Conn. 155 (28 Atl. 29, 27 L. R. A. 161, 38 Am. St. Rep. 361); *Geraty* v. *Ice Co.*, 16 App. Div. 174 (44 N. Y. Supp 659); *Loomis* v. *Hollister*, 75 Conn. 718 (55 Atl. 561); *Williams* v. *Koehler & Co.*, 41 App. Div. 426 (58 N. Y. Supp. 863); *McKeever* v. *Ratcliffe*, 218 Mass. 17 (105 N. E. 552); and others. And if the chauffeur is acting at the time within the general scope of his employment, it undoubtedly does not lessen the owner's liability that the chauffeur is at that time and place also disobeying some order given him by the owner. But the principles involved in these cases are not applicable to the facts of the case before us.

To make the owner liable, under the law of master and servant, the chauffeur must be acting within the scope of his employment. *Hartley* v. *Miller, supra; Riley* v. *Roach,* 168 Mich. 294 (134 N. W. 14, 37 L. R. A. [N. S.] 834); *Reilly* v. *Connable,* 214 N. Y. 586 (108 N. E. 853, L. R. A. 1916A, 954, Am. & Eng. Ann. Cas. 1916A, 656); *Steffen* v. *McNaughton,* 142 Wis. 49 (124 N. W. 1016, 26 L. R. A. [N. S.] 382, 19 Am. & Eng. Ann. Cas. 1227); *Hartnett* v. *Gryzmish,* 218 Mass. 258 (105 N. E. 988); *Provo* v. *Conrad,* 130 Minn. 412 (153 N. W. 753); *Danforth* v. *Fisher,* 75 N. H. 111 (71 Atl. 535, 21 L. R. A. [N. S.] 93, 139 Am. St. Rep. 670). And "the prase 'in the course or scope of his employment or authority,' when used relative to the acts of a servant, means while engaged in the service of his master, or while about his master's business." *Riley* v. *Roach,* 168 Mich. 294 (134 N. W. 14, 37 L. R. A. [N. S.] 834). If a chauffeur, or any other servant, commits an injury while doing something relating to his own affairs exclusively, and in no wise connected with

his master's service, there is no rule of the common law that holds the master liable therefor. And it makes no difference, ordinarily, that the injury is inflicted by the use of some instrumentality belonging to the master.

In the instant case the trip of 2½ or 3 miles, made by the chauffeur to the home of his father-in-law, had no relation whatever to defendant's business. It was, as the chauffeur himself testifies, solely for his own pleasure. And the defendant is no more responsible for what happened than he would have been if the chauffeur had borrowed some other car for the trip.

The chauffeur testified that he had used the car several times to visit his relatives, and, when asked where he kept the car when not in use, he replied, "On the street out there at either one of my relatives' places, or in the Cole garage." What his answer plainly meant was that he left the car standing in the street whenever he used it to call upon his relatives, and not that the street was used as a place for the storage for the car. And the number of times he had so used it is not shown. There certainly was no proof of any express consent by defendant that the chauffeur might use the car to visit his father-in-law, nor do the proofs tend fairly to show any implied consent. But if the testimony had shown an express consent by defendant, it would have amounted but to a loan of the car, and would not have made the trip any part of defendant's business. This court has held that, when his responsibility is not affected by some statute:

"The owner of a motor vehicle is not liable for an injury caused by the negligent driving of a borrower, if it was not used at the time in the owner's business." *Hartley* v. *Miller*, 165 Mich. 115 (130 N. W. 336, 33 L. R. A. [N. S.] 81).

And see, also, *Doran* v. *Thomsen*, 74 N. J. Law, 445 (66 Atl. 897).

And there is no reason why the owner may not lend his car to his chauffeur as well as to any one else. This was expressly held in *Reilly* v. *Connable, supra,* where the court said:

"The permission of defendant to the chauffeur to use the automobile for purposes personal to the chauffeur, and in which the defendant had no interest, did not make him liable to the plaintiff."

It is suggested by counsel that the chauffeur, in returning from his father-in-law's place, must have been acting within the scope of his employment, even if he was not so acting when going out there. And the reason given for the suggestion is that he was returning for the very purpose of keeping his engagement with defendant. But, in fact, no part of the trip, either going or returning, was connected with defendant's business. It was as much the chauffeur's affair to get back from Dix avenue as it was to go out there. In both *Hartnett* v. *Gryzmish, supra,* and *Danforth* v. *Fisher, supra,* the chauffeur had been using the car for his own purposes, and was returning, when the accident occurred, for the express purpose of performing some duty assigned to him by the owner, yet this was not supposed to affect the owner's liability.

The judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.