1. **ATTACHMENT.** Attachment levied on automobile which collided with plaintiff's automobile held invalid.

Where neither attachment nor supporting affidavit alleged that de- fendant's automobile was traveling in excess of twenty miles per hour in violation of Acts 1905, chapter 173, section 3, at time of collision, attachment levied thereon was invalid. (*Post, pp.* 433-435.)

2. **ATTACHMENT.** Amendment of attachment during trial held unauthorized as being amendment of substance and not merely of form.

Amendment during trial of attachment levied on automobile which collided with plaintiff's automobile to show that it was operated in excess of twenty miles per hour in willful violation of statute, went to substance and not merely to form, and was therefore unauthorized under Shannon's Code, section 5237. (*Post, pp.* 433-435.)

Acts cited and construed: Acts 1905, ch. 173.

Case cited and approved: Lillard v. Carter, 54 Tenn., 604; Watt & Co. v. Carnes, 51 Tenn., 532.

Code cited and construed: Sec. 5237 (S.).

3. **MUNICIPAL CORPORATIONS.** Corporate owner of automobile not liable for borrower's negligence.

Corporate owner of automobile is not liable for common-law negligence of person to whom it was loaned for his personal pleasure; family use doctrine not being applicable to corporations. (*Post, pp.* 435-437.)

Cases cited and approved: Hartley v. Miller et al., 165 Mich., 115; Doran v. Thomsen, 74 N. J. Law, 445; Herlihy v. Smith, 116 Mass., 265; Cunningham v. Castle, 127 App. Div., 580; Wyllie v. Palmer, 137 N. Y., 248; Jones v. Hoge, 47 Wash., 663; Slater v. Advance

*On liability of owner for negligence of borrower or hirer of automobile, see note in 33 L. R. A. (N. S.) 81.

Thresher Co., 97 Minn., 305; Lotz v. Hanlon, 217 P., 339; Reynolds v. Buck, 127 Iowa, 601; King v. Smythe, 140 Tenn., 217.

Case cited and distinguished: King v. N. Y. C. & H. R. R. Co., 66 N. Y., 181.

4. **HIGHWAYS.** Driver of automobile not necessary party, but owner is necessary party, to action to establish lien on automobile under statute for damages from collision.

Driver of automobile, used with owner's permission, which collided with plaintiff's automobile, is not necessary party, where lien only is sought on automobile under Acts 1905, chapter 173, section 5, but personal judgment cannot be rendered against him unless he is made party, but owner is necessary party so that he may protect his interests. (*Post, pp.* 437-441.)

5. **HIGHWAYS.** Attachment not necessary to create statutory lien against automobile for damages from collision.

Attachment is not necessary to create lien on automobile for damages from collision under Acts 1905, chapter 173, section 5, office of attachment being merely to seize property and place it in custody of court. (*Post, pp.* 441, 442.)

Case cited and approved: Parker-Harris Co. v. Tate, 135 Tenn., 509.

Cases cited and distinguished: Core v. Resha, 140 Tenn., 408; Hall v. Locke, 118 S. C., 267.

*Headnotes 1. Attachment, 6 C. J., Section 188; 2. Attachment, 6 C. J., Section 254; 3. Municipal Corporations, 28 Cyc., p. 1342 (1926 Anno); 4 Motor Vehicles, 28 Cyc., p. 45 (1926 Anno); 5. Motor Vehicles, 28 Cyc., p. 45 (1926 Anno).

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County.— Hon. E. F. LANGFORD, Judge.

G. S. MOORE, for Keller.

SETH M. WALKER, for Federal Bob Brannon Truck Co.

MR. JUSTICE HALL delivered the opinion of the Court.

This case is before the court upon the plaintiff in error's (plaintiff below), petition to rehear.

The case was decided, and the judgment of the court of civil appeals affirmed, at the last term of the court without an opinion. The parties will be referred to according to their status in the trial court; that is, as plaintiff and defendant.

On April 24, 1922, the plaintiff, J. P. Keller, instituted the present action by original summons in the circuit court of Davidson county against the Federal Bob Brannon Truck Company, a corporation, to recover for damage sustained by his Buick automobile by reason of the alleged negligent operation of a Cadillac automobile belonging to defendant, and which collided with the plaintiff's automobile.

At the same time and in the same suit plaintiff sued out a writ of attachment and had the same levied on the Cadillac automobile of the defendant, which was then in possession of Vogley & Todd at their repair shop in the city of Nashville.

Thereafter, to-wit, June 5, 1922, plaintiff filed his declaration containing two counts. The first count relied on common-law negligence.

The second count averred that the proximate cause of the accident and the resulting damage to plaintiff's automobile was the negligent driving of defendant's automobile by one Huggins along and upon one of the main thoroughfares of the city of Nashville at a greater rate of speed than fifteen miles per hour, in violation of an ordinance of said city, and at a greater rate of speed

than twenty miles per hour, in violation of chapter 173, Acts of 1905.

To this declaration defendant filed a plea of not guilty.

The case came on for trial before the court and a jury November 27, 1922, when the defendant moved the court to quash the attachment on the following grounds:

"First.  The attachment does not show on its face that the automobile in question was run at the time of the accident in excess of twenty miles an hour on a public thoroughfare.

"Second.  The attachment does not allege, even if the automobile was running in excess of twenty miles an hour, that it was being willfully done, and said attachment is therefore void."

This motion was temporarily overruled by the trial judge.

Later, and during the trial of the case, plaintiff made a motion to be allowed to amend the writ of attachment by inserting in the affidavit the word "willfully" and the words "by running more than twenty miles per hour on one of the highways of the State."  This amendment was allowed by the court.

At the close of all the evidence defendant moved the court to direct the jury to return a verdict in its favor, which motion was overruled, and the case was submitted to the jury.  The jury returned a verdict in favor of the plaintiff for the sum of $500, and judgment was entered in accordance with the verdict of the jury.

The defendant moved for a new trial on several grounds.  The first was:

"There is no evidence to support the verdict of the jury."

Second:

''The evidence preponderates against the verdict.''

The court expressly overruled all of the grounds of the motion except the third and fourth, which were sustained.

The third ground of the motion was that the court erred in permitting plaintiff to amend the attachment in the particular before mentioned, and in failing and refusing to sustain defendant's motion to quash the same; it being void because the affidavit did not allege that defendant's automobile was being run in excess of twenty miles an hour, and in willful violation of the statute, and because the amendment was to the substance and not to the form of the attachment.

The fourth ground of the motion was that the court erred in failing and refusing at the conclusion of all the the evidence to sustain defendant's motion for a directed verdict.

As before stated, the court sustained these two grounds of the motion, quashed the attachment, and rendered a judgment, notwithstanding the verdict of the jury, dismissing plaintiff's suit and taxing him with the costs of the case.

From this judgment plaintiff appealed to the court of civil appeals. That court affirmed the judgment of the trial court, and the case was brought before this court upon plaintiff's petition for writ of *certiorari* and for review.

As before stated, this court affirmed the judgment of the court of civil appeals; hence the petition to rehear.

As we understand plaintiff's position in his petition for a rehearing, he does not abandon his three legal

propositions set up in his assignments of error in the court of civil appeals and in this court, to-wit:

(1)   That the attachment was valid.

(2)   That the defendant is liable under the statute for the damage to plaintiff's automobile.

(3)   That the defendant is liable at common law for the damage to plaintiff's automobile.

He only discusses and presses on the court, in his petition to rehear, his second proposition, and earnestly insists that there is statutory liability upon the part of defendant under the undisputed facts as disclosed by the record.   He insists that defendant is liable to him for damages under chapter 173, Acts of 1905.   Section 3 of this act provides:

"That no automobile shall be run or driven upon any road, street, highway, or other public thoroughfare at a rate of speed in excess of twenty miles per hour; provided, that any municipality shall have the authority to prescribe a lower maximum rate of speed within its corporate limits.

By section 5 of the act it is provided:

"That whenever any suit for damages is brought in any court of competent jurisdiction for injuries to person or property caused by the running of any automobile in willful violation of the provisions of this Act, there shall be a lien upon such automobile for the satisfaction of such recovery as the court may award whether, at the time of the injury, such automobile was driven by the owner thereof or by his chauffeur, agent, employee, servant, or any other person using the same by loan, hire, or otherwise."

We think that the attachment was clearly void because neither it nor the affidavit upon which it was issued stated that defendant's automobile, at the time of the collision, was being operated upon the thoroughfare at a rate of speed in excess of twenty miles per hour, and in willful violation of the statute. We think further that the trial court committed error in allowing the plaintiff to amend the attachment, because the amendment went to the substance, not to the form merely. The statute (Shannon's Code, section 5237) provides that the attachment law shall be liberally construed, and the plaintiff before or during trial shall be permitted to amend any defect of form in the affidavit, bond, attachment, or other proceedings; and no attachment shall be dismissed for any defect in or want of bond, if the plaintiff, his agent, or attorney will substitute a sufficient bond.

This statute has been construed as allowing amendments as to defects in form only, and does not allow the substitution of a valid and sufficient affidavit for one wholly insufficient to authorize the issuance of the attachment. *Lillard* v. *Carter*, 7 Heisk., 604; *Watt & Co.* v. *Carnes*, 4 Heisk., 532.

We now come to a consideration of the question of whether defendant is liable to the plaintiff for common-law negligence on the part of the driver of its car. Before stating our conclusion on this question, it is necessary to state the facts and circumstances under which the collision occurred that resulted in damage to the plaintiff's automobile.

The undisputed facts are that defendant is a corporation and owned the automobile which collided with plaintiff's car. It appears that Robert Brannon is president

151 Tenn.—28.

of defendant corporation, and that E. C. Huggins is secretary and treasurer. Tate Huggins, a son of E. C. Huggins, was driving defendant's automobile at the time of the accident. On the night of the collision Tate Huggins was given permission to use defendant's automobile by Mr. Brannon, its president. Young Huggins was using the car for his own pleasure, and was on his way, with two companions, from his father's home on Sweetbrier avenue, in the city of Nashville, to the Y. M. C. A. building, which is located at the corner of Seventh avenue and Union street in the city of Nashville, to attend a basket ball game. It appears that young Huggins had permission of his uncle, Mr. Brannon, to use defendant's car for his own pleasure at any time when the car was not in use by defendant. The claim is not made that Tate Huggins, who was driving the car at the time of the collision with plaintiff's car, was on any mission or business for the defendant.

The plaintiff, Dr. Keller, was on his way home in his automobile from a professional call at the time of the collision. His route was west on Douglas avenue to the Granny White Pike, then south to Ashwood avenue on which he lived. The evidence shows that after the plaintiff's car had proceeded out Douglas avenue into the pike and was headed practically south, the defendant's car, driven by young Huggins, collided with the plaintiff's car, striking it a terrific blow in the rear, practically wrecking it. At the time of the collision the entire front wheel of plaintiff's car was in the edge of the ditch on the right-hand side of the highway, and his right rear wheel was about six feet from the ditch. Plaintiff testified that he was driving from eight to ten miles per

hour as he turned the corner south out of Douglas avenue into the pike. Douglas avenue is within the city limits and ends at the pike. Plaintiff testified that he was driving his car, at the time of the collision, at a rate of speed of from eight to ten miles an hour. He testified that defendant's car was being operated at the rate of from thirty to forty miles and hour at the time of the collision. The impact tore out the rear system of plaintiff's car, broke the rear springs, bent the rear axle, knocked the left fender off, and inflicted other damage upon it.

In passing upon defendant's motion for a new trial, the trial judge stated that he quashed the attachment, set aside the verdict of the jury and the judgment of the court, and dismissed plaintiff's case on the law and not on the facts; that he was satisfied as to the facts and the amount of the verdict. In other words, he was of the opinion that the damage sustained by plaintiff's car was the direct and proximate result of the negligence of Huggins, the driver of defendant's car, but was of the opinion that plaintiff was not entitled to recover as a matter of law. In this view the court of civil appears concurred.

It was held in *Hartley* v. *Miller et al.*, 165 Mich., 115 130 N. W., 336, 33 L. R. A. (N. S.), 81, that the owner of an automobile is not liable for its negligent use to the injury of a stranger by one to whom he had loaned it, and who was in complete control of its operation at the time of the injury.

*Doran* v. *Thomsen*, 74 N. J. Law, 445, 66 A., 897, is a leading case upon this subject. It was there held that the owner of a motor vehicle is not liable for an injury caused

by the negligent driving of a borrower, if it were not used at the time in the owner's business. A number of cases are there cited, including *Herlihy* v. *Smith*, 116 Mass., 265; *Cunningham* v. *Castle*, 127 App. Div., 580, 111 N. Y. S., 1057.

The general proposition as to the responsibility for a tort is stated by ANDREWS, J., in *King* v. *New York C. & H. R. R. Co.*, 66 N. Y., 181, 23 Am. Rep., 37, as follows:

"Where one person has sustained an injury from the negligence of another, he must, in general, proceed against him by whose negligence the injury was occasioned. If, however, the negligence which caused the injury was that of a servant, while engaged in his master's business, the person sustaining the injury may disregard the immediate author of the mischief and hold the master responsible for the damages sustained."

In *Wyllie* v. *Palmer*, 137 N. Y., 248, 33 N. E., 381, 19 L. R. A., 285, it was held that the doctrine of *respondeat superior* applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of some neglect or wrong at the time, and in respect to the very transaction out of which the injury arose. The following cases are also in point: *Jones* v. *Hoge*, 47 Wash., 663, 92 P., 433, 14 L. R. A. (N. S.), 216, 125 Am. St. Rep., 915; *Slater* v. *Advance Thresher Co.*, 97 Minn., 305, 107 N. W., 133, 5 L. R. A. (N. S.), 598; *Lotz* v. *Hanlon*, 217 P., 339, 66 A., 525, 10 L. R. A. (N. S.), 202, 118 Am. St. Rep., 922, 10 Ann. Cas., 731, and note; *Reynolds* v *Buck*, 127 Iowa, 601, 103 N. W., 946.

In *Hartley* v. *Miller*, supra, the court said:

"Our examination has shown that the courts of last resort in all parts of the United States have, without exception, held that, in the absence of statutory liability, the owners of automobiles were not liable for the negligence of a borrower, where the machine was not used in the master's business."

The plaintiff relies on the rule announced in *King* v. *Smythe,* 140 Tenn., 217, 204 S. W., 296, L. R. A., 1918F, 293, for his right to recover in the instant case.

We do not think the rule announced in that case is applicable to the case at bar. Dr. Smythe was a physician in the city of Memphis. He had purchased the car, which caused the injury in that case, for the pleasure and entertainment of his family, and his son was driving the car in pursuance of that purpose with his father's knowledge and permission. The son was therefore in the furtherance of the purpose of the father. This court held that it was immaterial whether this purpose of the father be called his business or not; that the law of agency is not confined to business transactions. Dr. Smythe was held liable on the theory that in carrying out the purpose for which he had purchased the car his son was acting for his father, and was his agent.

We do not think the family use doctrine can be applied to a corporation. It has no family, and its automobile cannot be devoted to such use. It results, therefore, that defendant cannot be held liable for the common-law negligence of young Huggins in the operation of the defendant's car for his personal pleasure and purpose.

We come now to a consideration of the defendant's liability to the plaintiff under chapter 173, Acts of 1905.

This act was construed by this court in *Core* v. *Resha,* 140 Tenn., 408, 204 S. W., 1149. In that case it was said:

"The act [1905] deals, not with the liability of the owner in an action *in personam* for damages, or with him from the standpoint of employer, but with the subjection of property of the owner—the automobile—to a lien when he is found to have permitted its use. In order to a subjection of the machine to the lien, the test is not whether the chauffeur was at the time acting in the line of the duty owed by him to his employer. The test by which that right is determined is not the 'scope of employment' of the driver, but the scope of the authority or permission given by or imputable to the owner, and there may be a lien enforcement, though the machine is not used in furtherance of the owner's business. *Parker-Harris Co.* v. *Tate* [135 Tenn., 509, 188 S. W., 54, L. R. A., 1916F, 935], supra. The basic rule of *respondeat superior,* which measures one's liability as employer for the acts of his employee, does not apply.

"On the other hand, that rule of common-law liability of an employer, after the passage of the Act as well as before, governs when the action is against the owner as employer or *in personam;* that is, where a judgment is sought fixing upon the defendant, derivatively, personal responsibility for a wrongful act of another as his employee. Such a liability or judgment is, of course, not one that is confined to the value of the machine. That the two liabilities are by the statute left as distinct things may be brought into clearer outline by a consideration of two other differentiating factors: Willful negligence of the driver is requisite to the lien liability;

mere negligence of an employee acting in the line of his duty suffices to fix the derivative liability.''

A similar construction was given a statute substantially the same as ours in *Hall* v. *Locke,* 118 S. C., 267, 110 S. E., 385.  The act considered and construed in that case is classified in the opinion as follows:

''(1)   When a motor vehicle is operated in violation of the provisions of law, or negligently and carelessly, and when any person receives personal injury thereby, or when a buggy or wagon or other property is damaged thereby, (2) the damages done to such person or property shall be and constitute a lien next in priority to the lien for State and county taxes upon such motor vehicle, (3) recoverable in any court of competent jurisdiction, (4) and the person sustaining such damages shall have a right to attach said motor vehicle in the manner provided by law for attachments in this State:   (5)   Provided, that this act shall not be effective in case the motor vehicle shall have been stolen by the breaking of a building under a secure lock, or when the vehicle is securely locked.''

The court, in discussing the various classifications, said:

''Classification 1 of the statute states the facts necessary to constitute a cause of action thereunder.  In an action by a person for the recovery of damages suffered by him personally, or through injury to his property, the complaint should allege the facts and circumstances which show that such injury was caused by a motor vehicle, while it was being operated negligently or in violation of law, and such allegations must be sustained by testimony.

"Classification 2 shows that such damages shall constitute a lien on the motor vehicle, operated as aforesaid.

"Classification 3 merely provides that the action for damages may be brought in any court of competent jurisdiction.

"Classification 4 is to the effect that the plaintiff shall have the right to attach the motor vehicle in the manner provided by law in this State.

"Classification 5 provides the manner in which an action for damages may be defeated."

It was also said in that case: "The injured person may proceed against the offending car alone, and it may be sold under order of the court to satisfy the damages ascertained by the jury to have been sustained by the plaintiff. But the injured person also has the right to make the owner of the car, or other person causing the damage, a party defendant, and recover a personal judgment against such person if he was operating the car illegally or negligently upon the public highway, whereby another was injured. After sale of the car by order of the court, the proceeds, after payment of the costs, shall be credited on the personal judgment, and execution issued on the personal judgment to satisfy any balance that might remain."

A personal judgment cannot be recovered against the wrongdoer unless he is made a party defendant to the action. It is unnecessary to make the wrongdoer a party where a lien only is sought against the offending car for liability under statute, but it is necessary to make the owner a party that he may protect his interest. In such case, if the jury finds that the statute has been willfully violated, it may ascertain and fix the amount of

the damages which the plaintiff has sustained, and the plaintiff is entitled to have such damages declared a lien upon the offending automobile for their sole satisfaction. An attachment is not necessary to create the lien. This is given by the statute. The office of an attachment is merely to seize the property and place it in the custody of the law. 2 R. C. L., 856.

There is nothing in the case of *Parker-Harris Co.* v. *Tate,* 135 Tenn., 509, 188 S..W., 54, L. R. A., 1916F, 935, which conflicts with the construction given the statute in *Core* v. *Resha,* supra. The court merely said in *Parker-Harris Co.* v. *Tate,* supra, that the statute (1905) does not undertake to provide for a proceeding *in rem* against the automobile as the *res;* but contemplates that the owner or owners should be made parties defendant to the suit.

It results that plaintiff's petition to rehear is granted; the judgment of this court affirming the judgment of the court of civil appeals, which affirmed the judgment of the trial court, will be vacated and set aside, and a judgment entered reversing the judgment of the court of civil appeals and the trial court, and remanding the case to the trial court for trial on the statutory count of the declaration alone, it not appearing from the record whether the verdict of the jury against the defendant was based on the common-law count or the statutory count of the declaration. As before stated, there can be no liability upon the part of the defendant under the common-law count, and no personal judgment can be rendered against it under the statutory count of the declaration, but, if the jury should find, upon another trial, that the statute was willfully violated by the driver of the

car, then it may ascertain and fix the amount of the damages, which will be declared a lien upon the offending automobile, and it may be ordered sold for their sole satisfaction.

The defendant will be taxed with the costs of the appeal.