## G. C. KITTRELL v. W. F. HOLDEN.

Eastern Section. June 25, 1927.

No petition for Certiorari was filed.

1. **Automobiles. Liens.** Before a plaintiff is entitled to a lien on an automobile under Acts of 1905, chapter 173, he must allege and prove that the automobile was being operated in excess of thirty miles per hour and in wilful violation of the statute.

In an action where the plaintiff sought to hold defendant's automobile in attachment, and to establish a lien provided in the Acts of 1905, chapter 173, where the pleading and proof did not show that the automobile was operated in excess of thirty miles per hour nor in wilful violation of the statute, held the plaintiff was not entitled to a lien.

2. **Automobiles. Purpose of attachment in action under Acts of 1905, chapter 173.**

The purpose of an attachment is only to hold the automobile in the custody of the court pending the trial, so that if a lien is declared upon it, the lien may be enforced.

Appeal in Error from Circuit Court, Scott County; Hon. W. H. Buttram, Judge.

Affirmed.

H. K. Pemberton, of Huntsville, for plaintiff in error.

Howard H. Baker, of Huntsville, for defendant in error.

PORTRUM, J. This case grew out of an automobile accident. The assignments of error, while including an assignment, there is no evidence to support the verdict, make no question upon the facts of the

case, and counsel by his silence concedes that his clients, the defendants below, W. F. Holden and wife, Lucy Russell Holden, were guilty of negligence in recklessly driving their car on the wrong side of the road and colliding with the car of the plaintiff, G. C. Kittrell.

The question raised is, that there is no evidence justifying the Circuit Judge in declaring a lien upon the car belonging to Mrs. Lucy Russell Holden, and ordering its sale. It is further said that the attachment issued in the cause should be discharged and the plea in abatement to the attachment sustained. The plea in abatement raises two questions; first, there was no jurat to the affidavit for the attachment, and it was, therefore, void; and, second, that at the time of the attachment the legal title of the car had passed out of Mrs. Holden and into H. K. Pemberton, who held the car in trust under a trust deed to secure a fee for services as an attorney, due him from the Holdens.

The real question in the case, which is made in some of the numerous assignments of error, is that the Circuit Judge erroneously declared a lien upon the automobile, because there was no pleading alleging the automobile was being operated at a rate of speed in excess of thirty miles an hour, and in violation of the Acts of 1905, chapter 173, the averments in the summons being that Mrs. Lucy Russell Holden and Walter Holden appear "before the justice before whom the attachment is returned to answer G. C. Kittrell in an attachment suit this day brought by said plaintiff against said defendant, to recover the sum of $500 alleged to be due by the defendant to plaintiff by bodily injuries and damage to an auto under the sum of $500, and make due return of how you have executed this writ upon your return of the within attachment."

The only other notice of the cause of action is stated in the affidavit for the attachment, which reads: "that the said Walter Holden and Mrs. Lucy Russell Holden has, and did violate the law of the State of Tennessee by driving and operating unlawfully, and without license, and on the wrong side of the public highway, a Cole '8' automobile, thereby causing a collision, damaging the automobile owned by G. C. Kittrell, and injuring said G. C. Kittrell." And there is also no proof to sustain the lien, had there, in fact, been pleadings to support it.

It has been held that the purpose of an attachment is only to hold the automobile in the custody of the court pending trial, so that if a lien is declared upon it, the lien may be enforced. And in the absence of an attachment, a lien may be declared and enforced by execution, but before the plaintiff is entitled to a lien, he must allege and prove that the automobile was being operated in excess of thirty miles an hour, and in willful violation of the

5 T. A.—38.

statute. Keller v. Federal Bob Brannon Truck Co., 151 Tenn., 427, 269 S. W., 914. There is no showing in this case that the car was being operated in excess of thirty miles an hour, and in willful violation of the statute. In the absence of this showing the plaintiff was not entitled to a lien upon the car, and the Circuit Judge was in eror in declaring a lien upon it. Since the car belongs to the defendants, we see no reason why their equity in the car cannot be reached in a proper proceeding. But regardless of this, this court must reverse so much of the judgment of the lower court as declared a lien and ordered a sale of the car, and discharge the attachment, but in all other respects the judgment of the lower court is affirmed. The costs of the appeal will be paid by the parties equally.

Snodgrass and Thompson, JJ., concur.