MARINUS DRIESSE, GENERAL ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF AARON DRIESSE, DECEASED, PLAINTIFF, v. TUNIS VERBLAAUW, DEFENDANT.

For the plaintiff, *Louis C. Friedman.*

For the defendant, *Jacob Stam.*

MACKAY, S. C. C. The complaint in this case alleges that Marinus Driesse was duly appointed administrator *ad prosequendum* and general administrator of the estate of Aaron Driesse, deceased.

Tunis Verblaauw, the defendant, owned and operated a hardware store at Prospect Park, Passaic county, New Jersey, and had in his employ a clerk who acted as salesman and sold goods and merchandise for him. At a time when this employe was in charge of the store and defendant was not present in person, one Nicholas Sinning, fifteen years of age, went to defendant's store on March 29th, 1930, with a .22 calibre revolver and purchased three boxes of loaded cartridges, known as .22 calibre shorts, for the sum of seventy-five cents, without the permission of his parents and in violation of chapter 225 of the laws of 1912, which makes it a misdemeanor to sell cartridges of this kind to a boy under the age of sixteen years without the written consent of his parents. The defendant claims that while his clerk was in charge of the store two young men entered who appeared to be well over age; that one of them exhibited a revolver for which he ordered cartridges for target practice; that these young men engaged

in target practice; that when they finished, one of the young men, Sinning by name, put the gun in his pocket and they then had a friendly wrestling match, in the course of which the gun went off and wounded the other young man, Driesse, who died the following day, March 30th, 1930, from the bullet wound received.

The following allegations are set out in the first count of the complaint: that the natural and proximate cause of the death of Aaron Driesse was the violation of the statute, &c.; that Aaron Driesse left him surviving certain persons, and that the action has been commenced within twenty-four calendar months from the date of death.

The second count charges that defendant employed an incompetent servant whose incompetency was well known to the defendant from the date of his hiring to the time of the selling of the cartridges in question; that he permitted the incompetent clerk or employe to have control and possession of dangerous instrumentalities and sell and dispose of the same to minors without the minors' parents' consent; that the defendant negligently, carelessly and wrongfully failed to advise his servant (the employe) of the inherent danger of the loaded cartridges and ammunition which was in the store, and carelessly, negligently and wrongfully permitted dangerous instrumentalities to be within reach of his servant or employe; that the defendant carelessly, negligently and wrongfully permitted a minor to be in charge of dangerous instrumentalities in his store in his absence, knowing that the minor in charge of his store would dispose of the cartridges, and carelessly, negligently and wrongfully failed to advise the minor or employe in charge in his absence not to sell any loaded cartridges to minors, and carelessly, negligently and wrongfully permitted dangerous instrumentalities to get into the hands and possession of Nicholas Sinning, a minor inexperienced in the handling of firearms, loaded cartridges, &c., and by reason thereof Nicholas Sinning purchased three boxes of cartridges.

The third count pleads the paragraphs in the first and second counts and then claims damages as general adminis-

trator, the claims in the first and second counts being those of the administrator *ad prosequendum* for damages.

The defendant contends that the complaint should be struck out because:

(1) The complaint admits that the defendant was not present and in charge of the hardware store at the time of the alleged sale of cartridges.

(2) The natural and proximate cause of the death of plaintiff's intestate, Aaron Driesse, could not have been the alleged violation by the defendant of the statute set forth in paragraph thirteen of the first count (and likewise in the subsequent counts) in that the complaint shows that the defendant did not violate the statute, but the complaint alleges facts to show that defendant's clerk violated the statute.

(3) The natural and proximate cause of the aforesaid death was not the alleged violation of the statute by the defendant and/or his clerk, because of the intervention of an independent human agency in that the aforesaid death was caused by one Nicholas Sinning, as described in paragraph eleven, first count, of the complaint

(4) The section of the Crimes act recited does not require parents' permission for the sale of cartridges but only for the sale of the revolver. The complaint does not allege how the gun came into Sinning's possession; does not allege that it came into his possession unlawfully; and defendant's clerk had the right to presume that it was in Sinning's possession lawfully, with his parent's consent, and that he had the right to sell cartridges therefor.

(5) Violation of a criminal statute by a clerk does not *per se* make the employer guilty of a violation of the criminal statute, and does not make him liable for damages in a civil suit except under the ordinary rules of negligence, and such liability is not shown in said complaint.

(6) The complaint does not allege, nor set forth facts to show that Sinning was of such tender years or imperfect understanding that he did not have the capacity to estimate or appreciate the dangerous nature of his act, and therefore Sinning's act was the proximate cause of the injury

(7) There are no allegations in the complaint showing that the injury ought to have been anticipated as a consequence of the acts of defendant and/or his clerk.

(8) In the second count the complaint does not set forth wherein the defendant made improper selection of his clerk, but merely recites a conclusion of law without supporting allegations of fact.

There is no merit in the first and second contentions of the defendant because it was not necessary that the master (defendant) should be present at the time of the sale of the cartridges.

It is alleged that the clerk or employe was the servant of the master acting within the scope of his authority in the master's service. That would be a sufficient allegation to hold the master in this case. *Doran* v. *Thomson,* 66 *Atl. Rep.* 897.

There is no merit in the third contention because it has been held that there would be a liability under the circumstances.

The Crimes act, as I read it, prohibits the sale of loaded or blank cartridges or ammunition. That disposes of the fourth reason.

The fifth reason must fail because our courts have held:

"Penal statutes that give no private right of action may nevertheless affect private rights upon common-law principles applicable to the action of negligence." *Evers* v. *Davis,* 90 *Atl. Rep.* 677.

The complaint alleges that Sinning was fifteen years of age. The statute provides that where the infant is under the age of sixteen he must obtain permission from his parents before procuring any firearms, cartridges, &c. Therefore, there is no merit in the sixth contention

Referring to the seventh and eighth reasons, it seems to me that the complaint fully sets forth facts showing that the injury ought to have been anticipated as a consequence of the act of the clerk or employe. It alleges that the defendant negligently and wrongfully permitted the clerk to sell the cartridges and to sell them without the consent of the minor's parents, and negligently and wrongfully failed to advise the

clerk or employe of the inherent danger of loaded cartridges, and negligently and wrongfully permitted dangerous instrumentalities (the cartridges) to be within reach of the clerk or employe, and carelessly and negligently permitted him to have control, charge and supervision of the hardware store in his absence.

In the case of *Bernard* v. *Smith* (*Rhode Island Supreme Court*), 90 *Atl. Rep.* 657, the court said:

"In an action by a person against a dealer who sold a rifle to an eleven-year-old boy, for injuries sustained from the gun in the latter's hands, a declaration based on a statute prohibiting the sale of firearms to children under fifteen except on the written consent of parent or guardian, or a common-law duty not to sell to minors, need not allege negligence or willfulness on the part of the child, or negative his want of due care.

"Since the only question in issue in an action against a dealer for injuries sustained by a person from the discharge of a gun sold a child in violation of a statutory or common-law duty, is the negligence of the dealer in making the sale, whether the child exercised due care in handling the gun or acted negligently or willfully, is immaterial." *Bernard* v. *Smith* (*Rhode Island*), 90 *Atl. Rep.* 657.

This case (Bernard *v.* Smith) was first tried in the Superior Court on the defendant's demurrers to the declarations. The demurrers were overruled. The demurrers did not point out or suggest in what respect the plaintiff's declarations failed to state a cause of action. The Supreme Court, on appeal, said: "We conclude from the rescript of the Superior Court that the grounds of demurrer were more particularly set forth in the argument of defendant's counsel, who claimed that the declarations were defective in failing to allege that the child who discharged the rifle did so in ignorance of the danger, and while he was in the exercise of that degree of care of which he was capable. As the Superior Court said, in overruling the demurrers, if the injury alleged had been to the child to whom the dangerous article was intrusted, there might have been some force to the argu-

ment; some allegations might have been necessary to show that he was not guilty of contributory negligence. But here, where the injury was to a third person, it is not necessary to negative due care or even the willful action of the child. The negligence of the child in handling the dangerous weapon or even his willful use of it was one of the natural consequences of intrusting him with it. We think the demurrers to the declarations were properly overruled."

In the case of *Bernard* v. *Smith, supra,* the declaration contained two counts. The negligence charged in the first count was the violation of the statutory duty imposed by section 7, chapter 134, general laws of 1909, which prohibits the sale of firearms to minors under the age of fifteen years, without the written consent of the parent or guardian. The second count sets up the sale and delivery of the rifle to Armand Boucher in violation of the common-law duty; the said Boucher being under the age of twenty-one years, to wit, of the age of eleven years, and unused to and inexperienced in the use of firearms, all of which the defendant knew or should have known. *Bernard* v. *Smith, supra.*

It might be well for the plaintiff to add a count similar to that above mentioned, charging the defendant directly with the violation of the common-law duty, &c.

I will advise an order denying the motion to strike out the complaint.