# TRIMBLE v. BRIDGES.—180 S. W. (2d), 590.

Western Section.   June 11, 1943.

Petition for Certiorari denied by Supreme Court, November 20, 1943.

J. W. Rankin, of Martin, for plaintiff in error.

Fenner Heathcock, of Union City, for defendant in error.

ANDERSON, P. J. In this action the plaintiff Trimble sought a recovery for the damage done his automobile when it collided with a truck owned by the defendant Bridges, and being driven at the time by one Nelson. Upon appeal from a judgment by a justice of the peace before whom the case originated, there was a trial before the circuit judge without a jury. He found for the defendant and entered judgment dismissing the suit. The plaintiff appealed in error.

The collision occurred about 5:30 o'clock P. M. on July 20, 1942, at the intersection of Poplar and McComb Streets within the corporate limits of the town of Martin.

McComb Street runs north and south and is 23 feet wide from curb to curb. It is intersected by Poplar Street running east and west. Both streets carry a considerable amount of traffic. On each side of the intersection there is a metal stop-sign in Poplar Street. These signs have been so located for about four years. Plaintiff lived within a block of the scene of the accident and was familiar with the situation at the intersection. Just prior to the accident he was traveling east on the south side of Poplar and defendant's truck was traveling north

on the east side of McComb. The vehicles collided a little east of the center of the intersection.

When he was about 20 feet from the intersection, plaintiff, according to his testimony, looked to the south on McComb, down which street he could see for à distance of 200 to 250 feet. He testified that no vehicle was in sight in that direction. As he entered the intersection he looked north and seeing no one approaching from that direction, turned to again look south, and as he did so the defendant's truck, which was traveling on the east side of McComb Street, ran into his car. This was plaintiff's version of the accident.

One of his witnesses also testified that the defendant's truck ran into the automobile; but photographs of the truck taken after the collision, considered with the undisputed evidence as to the location of the damage on the plaintiff's automobile, show, we think, that they are mistaken about this; that instead the plaintiff's automobile ran into the side of the defendant's truck.

It is conceded that plaintiff knew of the stop-sign located on the west side of the intersection, and it is also conceded that he did not obey the warning it carried—that is, he did not stop before entering the intersection.

The trial judge found, and we concur, that the defendant's truck was traveling at a rate of between 35 and 50 miles an hour in violation of a city ordinance fixing the speed limit of trucks and automobiles at 20 miles an hour within the corporate limits. He concluded, however, that in failing to stop before entering the intersection as required by the stop-sign, the plaintiff was guilty of proximate, contributory negligence which barred his action.

The plaintiff, claiming that he had the right of way, seeks to avoid the effect of his failure to comply with the admonition of the stop-sign by the asserted fact that "there is no ordinance creating a stop-sign in the city of Martin, especially at McComb Street."

It was stipulated that a city ordinance provided that all persons driving automobiles or trucks within the city limits "shall stop their vehicles at all points within the city limits where 'stop' signs are placed by said city before proceeding further." It was also stipulated "that no ordinance has ever been passed by the city of Martin designating the location of 'stop' signs at Poplar Street at its intersection with McComb Street or at any of the other street intersections in Martin, Tennessee, where 'stop' signs are located."

It seems to be the plaintiff's contention that because the city had not by ordinance expressly provided that a "stop-sign" should be placed at the intersection of Poplar and McComb Streets, he was not required to obey the one that was there. This position is untenable. Code, Section 2689, provides in substance that the state authorities, with reference to state highways, and local authorities with reference to highways under their jurisdiction, are authorized to designate main traveled or through highways by erecting at the entrances thereto from intersecting highways, signs notifying drivers of vehicles to come to a full stop before entering or crossing such a designated highway; and that whenever such signs have been so erected, it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto.

There is no direct evidence in the record as to just who placed the sign at the point mentioned, but it was shown that it had been there for at least four years, and in the absence of any evidence to the contrary it

must be presumed that it was placed there by competent officials in the exercise of the authority conferred by Code, section 2689.

█ It was therefore the duty of the plaintiff to obey this sign and his failure to do so was an unlawful act. Had he obeyed the sign, there can be no doubt that the damage to his car would not have been sustained, notwithstanding the fact that the driver of the defendant's truck was violating the ordinance fixing a speed limit. It necessarily follows, therefore, that the wrongful conduct of the plaintiff in failing to obey the admonition of the stop-sign contributed as a proximate cause to the damage to his car and operates to bar his action.

█ The defendant suggests another fatal deficiency in the proof offered by the plaintiff. That is that no evidence was offered to show that at the time of the accident the truck was being operated on the business of the defendant. The record is wholly silent in this respect. There was evidence that the truck belonged to the defendant but this was not sufficient to make out a case. Nor was it sufficient to simply show that the driver was in the general employ of the defendant, and nothing more. It was necessary to go further and show either directly or circumstantially that at the time of the accident the driver was on the master's business and acting within the scope of his employment. Goodman v. Wilson, 129 Tenn., 464, 166 S. W., 752, 51 L. R. A. (N. S.), 1116; Core v. Resha, 140 Tenn., 408, 204 S. W., 1149; Keller v. Federal, etc., Truck Co., 151 Tenn., 427, 269 S. W., 914; East Tennessee & Western North Carolina Motor Transportation Co. v. Brooks, 173 Tenn., 542, 121 S. W. (2d), 559.

The judgment is accordingly affirmed on both grounds. The plaintiff will pay the cost.