THOMAS A. EZELL, Plaintiff in Error, v. ELISHA MAXWELL, Armour Agricultural Chemical Company, a Division of Armour & Company, and Armour & Company, Defendants in Error.—389 S.W.(2d) 85.

Western Section. November 6, 1964.

Certiorari Denied by Supreme Court April 5, 1965.

Don G. Owens, Memphis, for plaintiff in error.

J. Martin Regan, Memphis, Canada, Russell & Turner, Memphis, of counsel, for defendants in error.

BEJACH, J. In this cause, Thomas A. Ezell, who was the plaintiff in the lower court, appeals in error from a judgment of the Circuit Court of Shelby County on motion for new trial made by the defendants, granting defendants' motion for a directed verdict made at the trial, which judgment dismissed plaintiff's cause of action. In this opinion, the parties will be designated, as in the lower court, plaintiff and defendants, or called by their respective names. The defendants in error, hereinafter referred to as defendants, are Armour Agricultural Chemical Company, a Division of Armour & Company, and Armour & Company. Delta Farmers Service Company was also a defendant in the lower court, but a nonsuit as to it was taken at the trial, and it is not involved in the appeal.

Plaintiff's suit is for the death of his wife which occurred in an automobile accident on October 3, 1961 at the intersection of Holmes Road and Highway 51 South in Shelby County, Tennessee. At that time, Mrs. Mayme Estes Ezell, wife of plaintiff Thomas A. Ezell, was a teacher for the Shelby County Department of Education at the Haven View School, which is located east of Highway 51 South. Plaintiff and his wife resided on the north side of Holmes Road, immediately west of Highway 51 South. At that point, Highway 51 South, which runs north and south, is a four lane concrete highway; and Holmes Road, which is a black top road, runs east and west and crosses same.

The traffic at the intersection of Holmes Road and Highway 51 South was, at the time of the accident, controlled by an electric signal device containing red, amber, and green lights. At the time of the accident, the light was operating so that the red light was flashing for east and west traffic on Holmes Road, and the amber light was flashing for north and south traffic on Highway 51 South.

At the time of the accident Mrs. Ezell was 48 years of age, in good health, and was earning $4800.00 per year. Mrs. Ezell left her home at approximately 6:30 A.M., driving east on Holmes Road. According to the evidence, taking same most strongly in favor of plaintiff, she brought her automobile to a stop before entering Highway 51. Also, at that time, taking the evidence most strongly in favor of plaintiff, the defendant, Elisha Maxwell, was driving a large tractor trailer southwardly on Highway 51 South at a speed of 50 miles or more per hour, which tractor trailer he was driving as a servant, agent or employee of the other defendants. He was accompanied by his "girl friend", and did not slacken his speed when he entered the intersection of Holmes Road until after he hit the car driven by Mrs. Ezell. The tractor trailer struck Mrs. Ezell's car on the left rear wheel. Mrs. Ezell was thrown from her automobile, and died as a result of the injuries received in the morning of October 3, 1961.

At the time and place of the accident, the provisions of T.C.A., sections 59-812 and 59-830 were applicable. Said Code sections provide as follows:

"59-812. Flashing signals.—(a) Whenever an illuminated flashing red or yellow signal is used in a traffic

sign or signal it shall require obedience by vehicular traffic as follows:

"1. Flashing red (stop signal). When a red lens is illuminated with rapid intermittent flashes, and said light is clearly visible for a sufficient distance ahead to permit such stopping, drivers of vehicles shall stop before entering the nearest cross walk at an intersection or at a limit line where marked, or, if none, then before entering the intersection, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.

"2. Flashing yellow (caution signal). When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through the intersection or pass such signal only with caution.

"(b) This section shall not apply at railroad grade crossings. Conduct of drivers of vehicles approaching railroad grade crossings shall be governed by the rules as set forth in sec. 59-845. (Acts 1955, ch. 329, sec 11.)"

\* \* \* \* \* \*

"59-830. Vehicles entering through highway or stop intersection.(a) The driver of a vehicle shall stop as required by sec. 59-849 at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.

"(b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one (1) or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obligated to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."

At the trial, the Circuit Court Judge submitted the case to the jury, but the jury was unable to agree upon a verdict. After a mistrial had been entered, the defendants filed a motion for a new trial in which they renewed their motion for a directed verdict made at the end of all the proof. This motion was granted by the Court and said motion for a directed verdict was granted. Thereafter, plaintiff filed his motion for a new trial, which was overruled, after which he perfected his appeal in error to this Court.

In this Court, as plaintiff in error, plaintiff has filed one assignment of error which raises the question of whether or not the trial judge erred in setting aside the mistrial and granting defendants' motion for a directed verdict made at the end of all the evidence.

 Counsel for plaintiff rests his argument for reversal of this cause primarily on the unreported opinion of the Supreme Court in the case of Howard W. Law and Coca Cola Bottling Works v. Mrs. Lillie M. Ross and R. M. Ross, which opinion was filed May 2, 1958. In that case, Mr. and Mrs. Ross, driving westward along Westwood Avenue in Jackson, Tennessee, failed to stop at a stop sign before entering the intersection of Westwood Avenue with Campbell Street, a through street running north and south. After entering the intersection, their

automobile was struck by a south bound Coca Cola Bottling Works' truck, driven at an excessive rate of speed, southwardly on Campbell Street. This Court, in an opinion written by Judge Carney, held, on authority of Trimble v. Bridges, 27 Tenn.App. 320, 180 S.W.(2d) 590, that the failure of Mr. and Mrs. Ross to obey the stop sign, constituted contributory negligence which, as a matter of law, barred their right of recovery, this Court being of opinion that but for the failure of the plaintiffs to obey the stop sign, the collision would not and could not have occurred. The Supreme Court, however, granted certiorari and, in an opinion written by Mr. Justice Tomlinson, held that where both plaintiff and defendant had violated laws or city ordinances which made each of them guilty of negligence per se, it was still a jury question as to whether or not the negligence of plaintiff proximately caused or contributed to the collision and its resulting damage. The facts in the instant case are, in our opinion, more favorable to plaintiff than were the facts in the Law case. The Coca Cola truck in that case was on a through street, with an unequivocal right of way over the plaintiffs, the plaintiffs being obligated to yield the right of way in its favor; whereas, the deceased, Mrs. Ezell, in the instant case, having stopped before entering Highway 51 South, had a right to enter the intersection assuming that the driver of defendants' tractor trailer would obey the flashing amber signal and enter the intersection with caution. The jury might properly have found that defendant Maxwell's failure to slacken his speed before entering the intersection constituted negligence which makes defendants liable. The proof is that defendant Maxwell did not slacken his speed until after his tractor trailer had collided with the Ezell automobile. The jury might properly have found as a fact, also, that

the negligence of defendant Maxwell was the exclusive proximate cause of the accident, and that Mrs. Ezell was wholly free from negligence.

We feel bound by the decision of the Supreme Court in the case of Law and Coca Cola Bottling Works v. Ross. If the question of whether or not plaintiff was guilty of contributory negligence which proximately caused or contributed to the accident was a jury question in the Law case, *a fortiori,* in the instant case, that same question was and is one for a jury to decide. If the Supreme Court desires to adhere to its decision in the case of Law and Coca Cola Bottling Works v. Ross, it will, no doubt, simply deny certiorari in the instant case; but, if, on the other hand, it desires to modify or overrule the decision in the Law case, it can grant certiorari in the instant case and write an opinion which will settle the matter. We hope that the Supreme Court's opinion, in that case, will be an opinion for publication.

Feeling bound, as we do, by the Supreme Court's decision in the Law and Coca Cola Bottling Works case, we are constrained to sustain the plaintiff's assignment of error in the instant case and to remand this cause for another jury trial. This cause is, accordingly, reversed and remanded to the Circuit Court of Shelby County for a new trial.

The costs of the appeal will be adjudged against the defendants, Elisha Maxwell, Armour Agricultural Chemical Company, and Armour and Company. The cost of the lower court may abide the final decision in that court.

Avery, P. J. (W.S.), and Carney, J., concur.